SANBORN *v.* SANBORN & a., *Ex'rs.*

A promissory note made by a father, in view of the near approach of death, to his son, and placed in the hands of a third person with directions to keep it in his possession until six months after the death of the maker, and then deliver it to the payee, is not good either as a gift *causa mortis* or as a bequest.

ASSUMPSIT, upon a note for $500. Facts agreed. Heman Sanborn, while on his death-bed, and expecting to die within a short time, and only a few hours before his death, made the note in suit, payable to the plaintiff, his son, on demand, after his decease, and placed it in the hands of one Robinson, with instructions to keep it until six months after Heman's death, or until his executors had got together sufficient funds to pay it without inconvenience and trouble, and then to deliver it to the payee. The plaintiff was not present when the note was made, nor did he know of it until after Heman's death. Heman told Robinson that he designed the note in place of a codicil to his will; that he had left Abraham but one dollar in his will, and wanted to give him this $500 in addition. The note was designed as a gift to Abraham, and there was no other consideration for it.

*D. B. Donovan*, for the plaintiff.

*Chase & Streeter*, for the defendants.

CLARK, J.    The note was an executory promise made upon no sufficient legal consideration, and no action can be maintained upon it.    It is invalid as a gift *causa mortis*.    The donor's own promissory note, payable to the donee, cannot be the subject of a *donatio causa mortis.    Copp* v. *Sawyer*, 6 N. H. 386; *Flint* v. *Pattee*, 33 N. H. 520; *Parish* v. *Stone*, 14 Pick. 198.    It cannot operate as a bequest because it was not executed in conformity with the requirements of the statute of wills.    *Bartlett* v. *Remington*, 59 N. H. 364; *Towle* v. *Wood*, 60 N. H. 434; *Morey* v. *Sohier*, 63 N. H. 507, 513.

*Judgment for the defendants.*

CARPENTER, J., did not sit: the others concurred.