[Civ. No. 2277.   Third Appellate District.—May 23, 1921.]

## ALICE HIRONYMOUS, Respondent, v. E. L. HIATT, Guardian, etc., et al., Appellants.

[1] CANCELLATION—WRITTEN INSTRUMENT—WANT OF CONSIDERATION —PLEADING AND EVIDENCE.—In an action based upon section 3412 of the Civil Code to cancel a written instrument on the ground of want of consideration, the existence of fraud, accident, or mistake is not required to be shown by either the pleading or the evidence.

[2] ID.—ESSENTIAL FACTS—CONSTRUCTION OF CODE.—Section 3412 of the Civil Code clearly contemplates that any written instrument which for any reason is void or voidable and outstanding, and which by reason thereof, may result in serious injury or prejudice to the party as to whom it is void or voidable, may be, upon proper application, adjudged to be void, and ordered to be delivered up and canceled, and all that is required either in pleading or proof is to show the facts constituting the invalidity of the instrument, whether they involve fraud, duress, accident, mistake, or a promise to make a gift.

[3] ID.—ACTION TO CANCEL PROMISSORY NOTE—WANT OF CONSIDERATION—SUFFICIENCY OF EVIDENCE.—In this action to cancel an out-

standing promissory note, the finding that the note was made and
given without a consideration and therefore involved a gift is suf-
ficiently supported by the evidence to render it impregnable
against successful attack.

[4] GIFT—PROMISSORY NOTE—UNENFORCEABLE OBLIGATION.—A gift by
a party of his own promissory note either *inter vivos* or *causa
mortis* does not create an enforceable obligation in favor of the
donee against the donor or his estate.

[5] PROMISSORY NOTE—WANT OF CONSIDERATION—STATUTE OF LIMITA-
TIONS—LACHES—UNWARRANTED DEFENSES.—The defenses of the
statute of limitations or of laches cannot be invoked against the
maker of an outstanding promissory note in an action for its
cancellation on the ground of want of consideration.

[6] ID.—CONDUCT OF MAKER—ABSENCE OF ESTOPPEL.—The maker of
a promissory note is not estopped from maintaining an action to
cancel the note on the ground of want of consideration by reason
of the fact that she permitted it to remain unrevoked for several
years, or by reason of the fact that she renewed it, or by reason
of the fact that she paid interest thereon.

APPEAL from a judgment of the Superior Court of
Modoc County. Clarence A. Raker, Judge. Affirmed.

The facts are stated in the opinion of the court.

Grant & Bailey for Appellants.

Jamison & Wylie for Respondent.

HART. J.—This action was brought to obtain a decree
adjudging void a certain promissory note executed by the
plaintiff and still outstanding, as authorized in such a case
by section 3412 of the Civil Code, which reads as follows:
"A written instrument, in respect to which there is a rea-
sonable apprehension that if left outstanding it may cause
serious injury to a person against whom it is void or void-
able, may, upon his application, be so adjudged, and ordered
to be delivered up or canceled."

The ward of the defendant guardian is the daughter of
a son of the deceased husband of the plaintiff by a former
wife. In the month of December, 1904, the plaintiff made
and executed her promissory note, in favor of certain trus-

---

4. Note as subject of gift by maker, notes, 26 L. R. A. 305; 7
L. R. A. (N. S.) 156; 27 L. R. A. (N. S.) 308; L. R. A. 1918C, 340.

tees, in trust for the said minor, for the sum of $1,000, payable on or before five years after date, with interest at the rate of six per cent per annum from date until paid and payable annually. Attached to said note was a writing disclosing the following conditions to which said trust was subject:

"The trustees above named shall collect the interest upon the above note as the same becomes due, and expend the same as far as it will go in the suitable maintenance and education of the aforesaid minor child. They shall receive the aforesaid principal sum when the same shall fall due, and invest said sum in a safe manner, and apply the interest received therefrom for the benefit of said minor child as above stated, until said minor arrives at legal age, at which date the whole amount remaining in their hands shall be paid to said Jessie Bernice Hironymous. In case of the death of said minor before arriving at legal age, the amount remaining in the hands of said trustees shall at the date when she would have become of legal age, be paid to the said Hattie Hironymous, to be by her paid in equal shares to any brothers or sisters of said minor (should any survive her) upon their arriving at the age of majority.

"We accept the foregoing trust and hereby agree that we will comply as far as in our power with the conditions therein named. Dated Cedarville, Cal., December 17th, 1904."

The foregoing was subscribed to by the trustees, named as defendants herein, but was not signed by the trustor.

On the twenty-eighth day of October, 1913, no part of the principal of said notes then having been paid, the plaintiff took up said note and executed and delivered to the said trustees in lieu thereof and in trust and for the benefit of said minor a note for the principal sum of the former note, payable on or before six years after the date thereof, with interest at six per cent per annum until said note was paid, the interest payable annually. The conditions of the trust, which was accepted by said trustees, were precisely the same as those above set forth.

The complaint alleges that plaintiff signed said note as a voluntary act, never having received from said defendants, or any of them, any consideration of any kind or character for the "signing and executing of said note" and

that "by reason thereof the same is void." It is alleged that plaintiff has paid to said defendants on said note as interest the sum approximately of $840, and that the interest so paid "is still in the possession of said defendants, and has never been delivered to said Jessie Bernice Hironymous, said minor, or to her said guardian, E. L. Hiatt."

Besides asking for a decree adjudging said note void and that the trustees be required to produce the instrument in court for cancellation, the prayer is also for a judgment for the return by the said trustees of the full amount of interest paid on said note by plaintiff.

A demurrer, upon both general and special grounds, was interposed to the complaint by the defendant Hiatt and overruled. Thereupon, the defendant Hiatt, as guardian, and the defendant Penland, as trustee, filed separate answers, denying the vital averments of the complaint, and also alleging that the note in suit was made and delivered to the trustees for a valuable consideration, and further setting up in bar of the action the statute of limitations (Code Civ. Proc., secs. 337–339, 344) and laches and estoppel. The last-named defense is stated as follows in each of said answers: "That by reason of the long delay and the recognizance of said note as a valid obligation, and by reason of renewing the original note of December 17, 1904, and paying the sum of $840 interest on said note and the renewal note in question in this case plaintiff is now estopped from asserting that said note is invalid."

The court found that the note in suit was by plaintiff executed and delivered to the said trustees, as alleged in the complaint; that the plaintiff had paid to said trustees interest on said note in the sum of $840; that plaintiff received no consideration of any kind or character for said note and its execution and delivery was a voluntary act on her part. No findings were made on the special pleas in bar set up by the answering defendants.

It was concluded from the findings as a matter of law that "the said note and the whole thereof is void and of no effect" because of having been given without a consideration, "and that plaintiff is entitled to have said note surrendered up and canceled."

The judgment accords with the findings and conclusions of law, and requires the said trustees to deliver said note

to the clerk for cancellation, etc. The sum paid to the trustees by plaintiff as interest on said note is awarded to the guardian of the minor for her benefit.

The case is brought here by the defendants on an appeal from the judgment, under the alternative method.

[1] The first assignment of error presented and discussed by appellants involves the claim that the complaint states no cause of action for the reason that, although the action may be based upon section 3412 of the Civil Code, the ultimate relief sought is the cancellation of a written instrument on the ground of want of consideration, in which case, so the argument goes, there must be shown by both pleading and proof either fraud or accident or mistake.

[2] It is undoubtedly true that the remedy afforded by section 3412 is of an equitable nature, but we are not altogether in accord with the position of appellants as to the nature of the facts which must exist and be shown to justify resort to and the employment of the remedy so afforded. The section clearly contemplates that any written instrument which for *any* reason is void or voidable and outstanding, and which by reason thereof may result in serious injury or prejudice to the party as to whom it is void or voidable, may be, upon proper application, adjudged to be void, and ordered to be delivered up and canceled, and all that is required either in pleading or proof is to show the facts constituting the invalidity of the instrument, whether they involve fraud, duress, accident, mistake, or, as in this case, a promise to make a gift and consequently without consideration. If, in other words, the instrument has been procured by fraud or accident, etc., then the fraud or accident or mistake should be pleaded; if the instrument is for any other reason void or voidable, then the facts showing it to be such, whatever be their nature, should be shown, and in such case, if the facts be well pleaded, a case is stated.

The special grounds of demurrer, viz., that the complaint is uncertain in that it cannot be told therefrom how the sum of $840 could have accrued as interest on said note, and that the plaintiff is without capacity to sue, are obviously devoid of merit, and their further consideration herein is not required.

It is next contended that the findings are not sufficiently supported and that the failure of the court to find on the special defenses is fatal to the judgment.

The plaintiff, on both her direct and cross examination, repeatedly declared that neither for the original note nor for the note in suit, given as a renewal of the former, did she receive any consideration whatever from the trustees or from any other person. She declared that the note was a gift to the minor. She testified that she was led to make the gift to the minor because ''I loved the little child and because she was my husband's granddaughter, and I felt sorry for her; the father and mother were not doing anything to take care of this property, and I thought some time in the future she might need some help, and this amount of money when she became of age might help to educate her. It was a voluntary gift on my part.''

It appears that the husband of the deceased devised to his son, Frank Hironymous, father of the minor made the beneficiary of the note in suit, a small parcel of land in Modoc County. It further appears that Frank defaulted in the payment of the taxes assessed against said land for several years and that the property was finally sold to the state and in due legal time purchased from the state by the plaintiff; that, thereafter, the plaintiff brought an action in the superior court of Modoc County against said Frank Hironymous to quiet her title to said land; that, while said action was pending and before it was brought to trial, said Frank signed and filed in the action a stipulation in writing to the effect that the plaintiff was entitled to judgment in said action quieting her title to said land as against him and all others who might claim any part thereof or interest therein under or through him, and that he would not defend against said suit but would allow plaintiff herein as plaintiff therein to take judgment according to the prayer of her complaint in said action; that, upon the filing of said writing or stipulation in said action, the plaintiff was awarded judgment therein in harmony with the prayer of her complaint therein. There was no consideration stated in the stipulation for its execution. Said stipulation, together with the judgment-roll in said action, was received in evidence in the present action, and counsel for the defendants, on cross-examination sought

to induce plaintiff to say or admit that, in consideration of the execution by Frank Hironymous of the said stipulation, she promised to pay or give her note for the sum of $1,000 to the trustees for the use and benefit of Frank's infant daughter, Jessie Bernice. But the plaintiff, replying to counsel's questions, repeatedly asseverated that the making of the said stipulation by Frank Hironymous had no connection whatever with the making of the note; that, when the stipulation was first suggested and finally agreed to and made by said Hironymous, nothing whatever was said to her by any person, nor did she say anything about making the note or a promise to give or pay the minor or any other person for her any money or the note in suit.

Smalls and Stanley, two of the trustees, testifying for plaintiff, each stated that he was present in the law office of the attorney conducting the transaction for plaintiff. when the stipulation was signed and that he heard nothing said about any consideration therefor.

The deposition of Frank Hironymous, a resident of Sacramento County at the time the deposition was taken on the fourteenth day of June, 1919 (the trial of the action was begun on the 28th of July, 1919), was received as evidence, and therein the deponent declared that the stipulation referred to was made and executed by him in consideration of a promise by the plaintiff to pay his daughter, the minor herein mentioned, the sum of $1,000 or to give her promissory note therefor. He further testified that the land in dispute between him and plaintiff, and as to the title to which the stipulation mentioned was made by him, was, at the time it was purchased by plaintiff, of the value of about $1,500, but that it had since enhanced considerably in value.

[3] The foregoing embraces a synoptical statement of the evidence received at the trial, and therefrom it is perfectly plain that the finding that the note was made and given without a consideration and therefore involved a gift derives sufficient evidential support to render it impregnable against successful attack. There are, it may be conceded, a few circumstances which, upon their face, appear to be sufficient to generate a suspicion that the claim that no consideration was given for the note is a fabrication; still it cannot justly be said that those cir-

cumstances render the plaintiff's testimony as to the principal issue inherently improbable. It was for the trial court and not this court to consider the circumstances we have in mind and determine whether they were of such force or consequence as to destroy the verity of her story in the main. The acceptance of her testimony by the trial court is, therefore, conclusive upon us. Moreover, the acceptance of plaintiff's testimony as verity necessarily carries with it a repudiation of Frank Hironymous' testimony between which and the former's a direct and pronounced conflict arose and exists, and that it was within the discretion or the right of the trial court to reject his testimony, and accept that of the plaintiff as involving the truth as to the question of consideration, is an incontrovertible proposition. Of course from this it is not to be understood that a trial court to whose determination the questions of fact are submitted may arbitrarily reject any witness' testimony, for it may do so only when legally justified after due consideration and comparison of all the evidence, and whether such justification exists is also a matter entirely with that court or the jury if the issues of fact be tried by the latter.

A gift is a transfer of personal property, made voluntarily, and without consideration (Civ. Code, sec. 1146), and a verbal gift, to be valid, must be executed, unless the means of obtaining possession and control of the subject of the gift are given, or, if it is capable of delivery, there be an actual or symbolical delivery to the donee of the thing sought to be given. (Civ. Code, sec. 1147.)

[4] Upon the principles thus enunciated by our legislature, it is thoroughly settled in this state that a gift by a party of his own promissory note, either *inter vivos* or *causa mortis,* does not create an enforceable obligation in favor of the donee against the donor or his estate.

In *Tracy* v. *Alvord,* 118 Cal. 654, [50 Pac. 757], the defendants' testator, about a year previously to his death, "made and signed a paper writing having the form of a promissory note for $10,000, payable sixty days from its date to the order of Felix Tracy, the plaintiff." The latter brought an action founded on said note as a demand against the estate of the deceased, claiming that the writing was delivered by the testator to a third person for

plaintiff's use, and that a valid gift thereof, either *inter vivos* or in view of death, was made by the testator to the plaintiff. There was there, as here, no consideration for the note, the plaintiff having first learned of its existence by information from the executors some months after the testator's death. Rejecting the argument advanced by appellant, the court in that case said: "The court below found that there was no delivery of the note as alleged by plaintiff, and held therefore that the instrument never had effect; whether the evidence justified such finding is made a question in the case, but it is not necessary to be decided. For if it were conceded that delivery was proved, yet, as between the donee and the donor or his estate, the gift of the donor's own promissory note created no enforceable obligation; being a mere promise without consideration to give a sum of money in the future, it was of no legal consequence. The gift of such a note *causa mortis* is within the rule; besides tending to subvert the statute of wills, it is still but a promise to make a gift, and invalid because the thing promised is not delivered. Authorities are numerous; the following are among the more recent: *Bartlett's Petition*, 163 Mass. 509, [40 N. E. 899]; *Sanborn* v. *Sanborn*, 65 N. H. 172, [18 Atl. 233]; *Matter of James*, 146 N. Y. 78, [48 Am. St. Rep. 774, 40 N. E. 876]; *Shaw* v. *Camp*, 160 Ill. 425, [43 N. E. 608]; *Johnson* v. *Otterbein University*, 41 Ohio St. 527; 1 Daniel on Negotiable Instruments, sec. 25."

The case of *Wisler* v. *Tomb*, 169 Cal. 383, [146 Pac. 876], is, in the facts, quite similar to the case at bar, a promissory note having been made and delivered by the defendant's testator to the plaintiff in trust for the use of a minor, without any consideration, and payable on or before one year after date, with interest at the rate of six per cent per annum. Accompanying the note was a declaration of trust by the maker, explaining the purpose of the note, and naming the plaintiff trustee. No part of the principal of said note was ever paid, but interest accruing thereon in the sum of $150 was paid. The maker died before the maturity of the note, and the plaintiff as trustee presented and filed a claim based upon the note against the estate of deceased. The claim was rejected, and action followed. A demurrer to the complaint was sustained,

plaintiff refused to amend, and an appeal was prosecuted from the judgment entered upon the order sustaining the demurrer. The judgment was affirmed and the case of *Tracy v. Alvord,* 118 Cal. 655, [50 Pac. 757], *supra,* was cited in support of the conclusion arrived at by the court.

Further authorities to the same effect need not be noticed herein. The purported note constituted a mere unexecuted voluntary promise, unsupported by a consideration of any kind or nature, to make a gift of money, and is a *nudum pactum,* imposing upon the maker no legal or enforceable obligation whatever.

[5] The special defenses, involving the interposition of the statute of limitations, laches, and estoppel, are not well taken in this case. If the invalidity of an instrument in writing outstanding against a person is due to fraud or accident or mistake, we entertain no doubt but that an action under section 3412 might come within the bar of the statute, if it were not brought within the statutory period of limitation after the discovery by the person subject to be prejudicially affected by the instrument of the fraud or the accident or the mistake; and in such case the circumstances might be such as to justify the plea of laches. The present case, however, presents a much different situation. The instrument involved herein was subject to be voided at any time the maker thereof conceived it to be the more consistent with his own interests to recall it. A party might in perfect good faith give to another his note without a consideration and later discover the improvidence of such gift, or the motive or reason immediately prompting the gift might have ceased to exist, or his financial condition, through untoward circumstances arising after the gift, might have become so changed as to make the burden thereof, should he undertake to sustain it, extremely vexatious and embarrassing to him or his business interests. He is under no legal obligation to pay the note, and it is solely up to him to say at any time whether he will or will not satisfy it. It would, therefore, be absurd to say that either the statute of limitations or laches could be invoked against the maker of such a writing in an action to void it. Indeed, it is difficult to conceive when the statute of limitations would begin to run in such a case as this or what equitable circumstances could arise therein in favor of the purported

donee which would justify the imputation of laches against the purported donor. And what we here say respecting the statute of limitations and laches as defenses to this action is equally pertinent to the claim of estoppel against plaintiff. [6] The mere conduct of plaintiff in permitting her bare and voluntary promise to give a certain sum of money to the minor at some future time to remain unrevoked for many years does not imply or carry with it a recognition of the legal integrity of the note. Nor does the fact that she renewed the note or the fact that she paid interest thereon have that effect. As evidence upon the question of whether there was a consideration for the note, those circumstances could properly be considered, but the moment the court found that there was no consideration given for the note that moment their significance for any purpose was entirely destroyed.

It follows from the views thus expressed respecting the special defenses interposed against plaintiff's action that there was no necessity for specific findings upon those special pleas.

The judgment is affirmed.

Burnett, J., and Finch, P. J., concurred.