[Civ. No. 3286. Fourth Dist. Nov. 2, 1944.]

MARY JANE WADE, as Special Administratrix, etc., Appellant, v. BLANCHE L. BUSBY, Respondent.

Davis & Pitney for Appellant.

Willedd Andrews for Respondent.

GRIFFIN, J.—Judgment was entered for defendant after sustaining a demurrer to plaintiff's complaint without leave to amend. Plaintiff appealed.

The complaint is based upon an alleged cause of action to set aside a conveyance and quiet title in one count and in a second count for an accounting. The first count alleges generally that on October 17, 1938, decedent Mary E. Busby was the owner of a certain parcel of property in Upland and on that date defendant Blanche L. Busby did, while Mary E. Busby was "incompetent by reason of her extreme age and infirmity and mental condition," cause and induce her to execute a deed to the property described to one Katherine Puehler, without consideration, and that defendant thereupon caused Katherine Puehler to execute a deed of the property on October 18, 1938, to Mary Busby and Blanche L. Busby, as

joint tenants; that at the time the deeds were executed and up to the time of her death, Mary E. Busby was mentally and physically incompetent; and that therefore these deeds should be set aside and the property declared to be a part of the assets of the estate of Mary E. Busby, deceased. The second count alleges that defendant should account for rentals collected.

Mary E. Busby died on June 2, 1943. This action was filed on December 20, 1943, approximately 4 years and 10 months after the execution of the joint tenancy deed.

Defendant demurred to plaintiff's complaint on four separate grounds, which included (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the cause of action in the first count was barred by the provisions of subdivision 4, section 338 of the Code of Civil Procedure, and that the second cause of action set forth was barred by section 337 thereof. The demurrer does not recite that the first cause of action based upon undue influence is barred by section 343 of the Code of Civil Procedure, but does recite that in 1940 a similar complaint was filed alleging the same "fraud and undue influence and mistake," and that such complaint was dismissed in December, 1943, for lack of prosecution. ■ Subdivision 4 of section 338 of the Code of Civil Procedure has no application to a proceeding to set aside a deed upon the ground of undue influence. Such an action is governed by the four-year period prescribed in section 343. (*Trubody* v. *Trubody,* 137 Cal. 172 [69 P. 968]; 16 Cal.Jur. p. 448, § 55.)

■ As to the first cause of action defendant argues that the complaint fails to allege that Mary E. Busby was "insane" at the time of the execution of the joint tenancy deed, and that therefore the statute of limitations was not tolled under sections 328 and 352 of the Code of Civil Procedure. It is true that the complaint does not allege in direct terms that at the time of and since the execution of the documents in question Mary E. Busby was *insane.* It simply alleges that she was "incompetent by reason of her extreme age and infirmity and mental condition." Whether these allegations are synonymous to alleging that she was insane, is problematical. If plaintiff had properly pleaded that at or during the time in question Mary E. Busby was *insane,* then the statute of limitations might have tolled during such period of disability. (*Crowther* v. *Rowlandson,* 27 Cal. 376, 384; Code Civ. Proc., § 352.) ■ The words "insane" and "incompetent" are not necessarily convertible terms, as a person may be incompetent by

reason of insanity or from some other cause. The word "insane" has been defined as meaning unsound in mind or intellect, but the law defines insanity which will avoid a disposition of property and requires "either insanity of such broad character as to establish mental incompetency generally, or some specific and narrower form of insanity, under which the testator is the victim of some hallucination or delusion." (14 Cal.Jur., p. 334, § 2; *Estate of Collins,* 174 Cal. 663 [164 P. 1110].)

*In Pearl* v. *Pearl,* 177 Cal. 303 [177 P. 845], in discussing the application of the statute of limitations, it was alleged that the decedent was of "unsound mind" and that he remained so until the time of his death. There the Supreme Court held that the trial court's finding that the deceased was "incapable of caring for his property, or transacting business, or understanding the nature or effects of his acts," was equivalent to a finding in express terms that the deceased was "insane" within the meaning of the statute, i. e., section 352, subdivision 2, Code of Civil Procedure, and that the statute did not run against her during the period of incapacity. Under proper pleadings of undue influence, plaintiff might be able to bring herself within the exception provided, and avoid the tolling of the statute of limitations, if properly raised.

There is no definite allegation as to fraud being perpetrated upon Mary E. Busby by Blanche L. Busby, but assuming plaintiff is relying on such a charge, there is no allegation as to the time when such fraud was discovered. If plaintiff is relying upon an allegation of fraud, the time of discovery of such fraud would be important in the determination of the question of the tolling of the statute of limitations on such a charge. (Code Civ. Proc., § 338; 16 Cal.Jur. p. 447 et seq., §§ 55 and 56.) If the allegations as to the filing of the previous action are true, it would appear that the fraud was discovered at least as early as November 27, 1940, when that action was filed.

Plaintiffs might be able to amend their complaint and state a cause of action which would not be barred by the statute of limitations. The refusal of the trial court to allow plaintiff to amend her complaint was a breach of discretion and constituted prejudicial error.

The judgment is reversed with instructions to the trial court to allow plaintiff to amend her complaint if she be so advised.

Barnard, P. J., and Marks, J., concurred.