Filed 7/30/14  Mason v. Wells Fargo Bank CA2/6

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JEANNIE MASON,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>   Defendant and Respondent. | 2d Civil No. B251976<br>(Super. Ct. No. 1416426)<br>(Santa Barbara County) |

Appellant Jeannie Mason and her husband obtained a home loan in 2003 and made payments for six years.  In 2012, the lender initiated nonjudicial foreclosure proceedings.  Mason filed this action seeking rescission and cancellation of the note and deed of trust, quiet title, restitution, damages, and injunctive relief.  Citing numerous pleading defects, the trial court sustained respondent Wells Fargo Bank, N.A.'s demurrer to the first amended complaint without leave to amend.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In her first amended complaint, Mason alleged that on or about August 21, 2003, she and her husband entered into "some type of mortgage transaction" with Wells Fargo concerning the real property in Santa Barbara where she currently resides.  Wells Fargo presented an application to Mason, which she completed and Wells Fargo accepted.  Wells Fargo then presented Mason with a promissory note setting forth the mortgage's terms and conditions and instructed her to sign it, which she did.  The note

was for the principal amount of $582,000 to be repaid over 30 years.  For the first 10 years the annual interest rate was fixed at 5.25 percent and monthly payments were fixed at $3,213.83.  Thereafter, both the interest rate and monthly payments were to become variable.

Mason alleges that she "paid money on this mortgage transaction"—she does not say to whom—"for over 6 years at a total of $428,097.00."  It is unclear whether this amount includes the "10% of the value of the loan [*sic*]" that Mason alleged she "gave . . . as a down payment."  Wells Fargo never tendered "money or other tangible type of currency" to Mason and "did not use its own money from its vault to fund this transaction."  Rather, it "monetized [Mason's] signature on the note to create negotiable instruments to facilitate a further sell, transfer or assignment of the 'Note' for profit within the Uniform Commercial Code system."  The note was not counter-signed by an officer of Wells Fargo.

On July 27, 2012, Mason received a notice of default from respondent First American Title Insurance Company indicating that First American, as either the original or substitute trustee or the agent for the trustee or beneficiary under the deed of trust, was foreclosing on the property on behalf of Wells Fargo.[1]  The notice informed Mason that as of July 25, 2012, she was behind on her payments in the amount of $17,011.87.  Nowhere in her pleadings does Mason suggest that she will pay for the home.

Mason filed this lawsuit on April 2, 2013.  After the trial court sustained Wells Fargo's demurrer to the original complaint, Mason filed a first amended complaint containing substantially the same factual allegations and legal claims.  The trial court sustained Wells Fargo's demurrer to the first amended complaint without leave to amend.  This appeal followed.

## DISCUSSION

"We review an order sustaining a demurrer de novo, exercising our independent judgment to determine whether a cause of action has been stated under any

---

[1] First American is also named as a defendant but has not appeared either in the proceedings below or in this court.

legal theory." (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 509.) We accept as true properly pleaded allegations of material fact, "but not contentions, deductions or conclusions of fact or law." (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) We also consider matters subject to judicial notice. (*Committee For Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) The burden is on the plaintiff-appellant to demonstrate how an amendment to the complaint could cure the defect. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) A party proceeding in propria persona " '. . . is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' [Citation.]" (*Yvanova v. New Century Mortgage Corporation* (2014) 226 Cal.App.4th 495, 500.) The appellate court must affirm the trial court's judgment if it is correct on any theory. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

Mason's claims are time-barred. Her first claim, for rescission, is subject to a four-year statute of limitations. (See Code Civ. Proc., § 337, subd. 3 [setting four-year limit for "action[s] based upon the rescission of a contract in writing"].) The limitations period begins to run from "the date upon which the facts that entitle the aggrieved party to rescind occurred" or, where the rescission claim is grounded in fraud or mistake, from "the discovery by the aggrieved party of the facts constituting the fraud or mistake." (*Ibid*.) Mason's second claim for rescission of the note and deed of trust and her unenumerated claim to quiet title are subject to a five-year statute of limitations. (*Id.* at §§ 318, 319; *Robertson v. Superior Court* (2001) 90 Cal.App.4th 1319; see also *Martin v. Van Bergen* (2012) 209 Cal.App.4th 84, 91-92.)

Although Mason peppers her pleading with conclusory and unsubstantiated allegations of fraud, the factual assertions underlying her complaint—that Wells Fargo somehow duped her and her husband into signing a negotiable instrument rather than the "true 'loan'" that they intended—were apparent on the face of the loan instruments themselves. The law presumes that everyone who signs a contract has thoroughly read and understood it and intended whatever the agreement objectively provides, whether or

3

not that is subjectively true.  (*Roldan v. Callahan & Blaine* (2013) 219 Cal.App.4th 87, 93.)  Thus, the limitations periods began to run in 2003.  Mason did not file this action until nearly 10 years later.  Her claims are therefore untimely.

Even if her claims were timely, Mason lacks standing to pursue them. Mason fails to allege any concrete injury that she suffered from Wells Fargo's securitization of her promissory note.  To the extent there was any impropriety in this transaction, " 'the relevant parties . . . were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note.' . . . [Citation.]  [Mason] would not be the victim of such invalid transfers because her obligations under the note remained unchanged."  (*Yvanova v. New Century Mortgage Corporation*, *supra*, 226 Cal.App.4th at p. 501; see also *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, 1207 ["[A] borrower lacks standing to challenge an assignment [of a note and deed of trust] absent a showing of prejudice," i.e., facts showing that "the original lender would have refrained from foreclos[ing]" notwithstanding the borrower's default].)

Moreover, Mason's "vapor money" theory of relief—"the convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on [her] loan because the indebtedness was not funded by the lender with actual money" (*Tonea v. Bank of America, N.A.* (N.D.Ga. 2014) __ F.Supp.2d __ [2014 WL 1092348, *11])—has been roundly rejected by courts nationwide.  (See *Miner v. JPMorgan Chase Bank* (N.D.Cal. 2013) 2013 WL 1089909, *3.)

DISPOSITION

The trial court's judgment of dismissal is affirmed.  Wells Fargo shall recover its costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____


Jeannie Mason, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendant and Respondent.