FILED

NOT FOR PUBLICATION

MAR 02 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARD MITCHELL, | No. 16-15099 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-05006-JSW |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee of the Asset Securitization Trust 2007-A8 Mortgage Pass through Certification series 2007-11 Under Pooling and Servicing Agreement Dated June 1, 2007, its Assigns and or Successors of Interest, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey White, District Judge, Presiding

Submitted February 15, 2018[**]
Pasadena, California

Before: THOMAS, Chief Judge, and REINHARDT and FISHER, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bernard Mitchell appeals the district court's judgment dismissing his claims for violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, and for cancellation of instrument and a declaratory judgment. The district court held Mitchell's TILA claims were precluded by a previous unlawful detainer action and, in the alternative, barred by the applicable statutes of limitation. We do not reach the preclusion issue because Mitchell's TILA and California state law claims are untimely. We review de novo a dismissal on statute of limitations grounds, *see Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011), and we affirm.

1. The district court properly dismissed Mitchell's TILA rescission claim, 15 U.S.C. § 1635(f), because it is time-barred. TILA does not provide an express statute of limitations applicable to rescission claims for equitable relief, *see Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015), so we "borrow the statute of limitations applicable to the most analogous state-law claim, so long as it is not inconsistent with federal law or policy to do so," *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015) (internal quotation marks omitted). Here, the most appropriate state-law analogs are for rescission of contract or cancellation of instrument, each accompanied by a four-year limitations period. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1320 (9th Cir. 1998) (four-

year limitations period for contract rescission); *Robertson v. Superior Court*, 90 Cal. App. 4th 1319, 1326 (2001) (four-year limitations period for cancellation of instrument). As Mitchell does not suggest any alternative statute of limitations, we assume for purposes of our analysis that a four-year limitations period applies.

Mitchell's rescission claim accrued in May 2007. *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). Applying the four-year limitations period, his claim was time-barred after May 2011. Nevertheless, Mitchell argues he is entitled to tolling because by the time he had information sufficient to bring his rescission claim, it was time-barred by the three-year limitations period then in effect for TILA rescission claims. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

This is not so. Even if we credit Mitchell's belief that a three-year limitations period applied to his rescission claim, he had information sufficient to bring his claim within that three-year period. Mitchell would have had until the end of May 2010 to timely file, and his pleadings reflect he discovered six months earlier, in December 2009, that the relevant loan had not been rescinded. Still, giving Mitchell the benefit of tolling until December 2009, when he knew the relevant facts to bring suit, and running the now-applicable four-year limitations

3

period from that date, Mitchell had until December 2013 to bring his rescission claim and did not. His August 2015 rescission claim is therefore time-barred.

2. Likewise, Mitchell's TILA notice claim, 15 U.S.C. § 1641(g), accrued between August and September 2010 and the one-year limitations period lapsed in August or September of 2011. Mitchell offers no persuasive reason to toll the limitations period. The claim is untimely.

3. Although the district court did not explicitly address Mitchell's claims under the UCL and for cancellation of instrument, these claims are also time-barred, and Mitchell provides no argument for tolling. *See Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1178 (9th Cir. 2016) (four years under UCL); *Robertson*, 90 Cal. App. 4th at 1326 (four years for cancellation of instrument).

4. Mitchell's remaining claim for declaratory relief under California law is dismissed because "all relief is barred by the statute[s] of limitations." *Bennett v. Hibernia Bank*, 305 P.2d 20, 26-27 (Cal. 1956); *see also Meyer v. Spring Spectrum L.P.*, 200 P.3d 295, 304 (Cal. 2009).

**AFFIRMED.**

***

Deutsche Bank's motion for judicial notice, filed September 14, 2016 (Dkt. 25), is **DENIED**. Mitchell's motion for judicial notice, filed February 12, 2018 (Dkt. 58), is **DENIED**.