[No. B094467. Second Dist., Div. Six. Oct. 9, 1996.]

VENTURA COUNTY NATIONAL BANK, Plaintiff and Appellant, v. GARY A. MACKER et al., Defendants and Respondents.

**COUNSEL**

Hill & Sandford, Michael L. Sandford and Timothy J. Trager for Plaintiff and Appellant.

Janet C. Vining for Defendants and Respondents.

**OPINION**

**GILBERT, J.**—Negligent misrepresentation may be a species of deceit, but it is not a thoroughbred. Here we hold that in an action against accountants for negligent misrepresentation, the statute of limitations is two years. The trial court sustained a demurrer without leave to amend plaintiff's cause of action for negligent misrepresentation because the action was barred by a two-year statute of limitations. We affirm.

### FACTS

Plaintiff, Ventura County National Bank (VCNB), sued defendant accounting firm for accounting malpractice. In its second amended complaint, VCNB alleged in its first cause of action for intentional misrepresentation that in January of 1991 it learned defendant accountants made representations in audit reports for a company's financial statements, knowing them to be false. In the second cause of action for negligent misrepresentation (Civ. Code, § 1710), and in the third cause of action for fraud, plaintiff alleged that defendants intentionally concealed their lack of knowledge or expertise to prepare an audit.

The trial court sustained without leave to amend the demurrer to the second cause of action for fraud based on negligent misrepresentation. The

court relied on Code of Civil Procedure section 339, subdivision 1 which provides a two-year statute of limitations for accountant malpractice, and this court's holding in *Smyth* v. *USAA Property & Casualty Ins. Co.* (1992) 5 Cal.App.4th 1470, 1477-1478 [7 Cal.Rptr.2d 694]. VCNB then dismissed the first and third causes of action of its complaint, intentional misrepresentation and fraud. This appeal ensued.

### DISCUSSION

We independently review this question of law. (*International Engine Parts, Inc.* v. *Feddersen & Co.* (1995) 9 Cal.4th 606, 611-612 [38 Cal.Rptr.2d 150, 888 P.2d 1279].)

■ VCNB contends that the applicable statute of limitations here is three years. That is because negligent misrepresentation is a form of fraud, and the statute of limitations for fraud is three years. (Code Civ. Proc., § 338, subd. (d).)

Defendants argue that VCNB's cause of action tries to pass as one for fraud, but in essence alleges acts of negligence.

As we pointed out in *Smyth* v. *USAA Property & Casualty Ins. Co.*, *supra*, 5 Cal.App.4th at page 1476, "[c]ourts consider 'the nature of the right sued upon, not the form of action or the relief demanded' to determine the applicable statute of limitations. [Citations.]"

VCNB's second cause of action alleges in substance that defendant accountants made false representations concerning an audit report of a company's financial statements and certified that the audit report was accurate, that defendants knew the audit report was to be used by plaintiff in determining a line of credit for the company, that the audit report grossly overstated the value of the company, that plaintiff, in reliance on the audit report offered the company a line of credit and suffered damage thereby, that defendants lacked sufficient or accurate information to make representations concerning the company's financial condition, and that they did not possess sufficient knowledge, expertise, or experience to accurately evaluate the company's financial condition.

Plaintiff further alleges that defendants' action amounts to "[a] deceit . . . [¶] . . . [¶] [t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." (Civ. Code, § 1710, subd. 2.)

We agree with defendants that the essence of this cause of action is negligence, not fraud. VCNB's allegations show a failure to meet a standard of reasonable care which results in the tortious invasion of a property right. (See *Smyth* v. *USAA Property & Casualty Ins. Co.*, *supra*, 5 Cal.App.4th at p. 1478.)

The cases cited by VCNB do not support its assertion that the applicable statute of limitations for negligent misrepresentation is three years. In *Bily* v. *Arthur Young & Co.* (1992) 3 Cal.4th 370, 407-408 [11 Cal.Rptr.2d 51, 834 P.2d 745], our Supreme Court spoke of the distinct tort of negligent misrepresentation as a species of the tort of deceit. The court, however, did not state or even suggest that the applicable statute of limitations for this tort was three years. As defendants point out, the court spoke of the scope of liability engendered by a negligent misrepresentation.

It is noteworthy that the *Bily* discussion of negligent misrepresentation cites *Gagne* v. *Bertran* (1954) 43 Cal.2d 481 [275 P.2d 15]. *Gagne* held that acts of negligence support an action for negligent misrepresentation. (*Id.* at p. 489.)

In *Loken* v. *Century 21-Award Properties* (1995) 36 Cal.App.4th 263, 273 [42 Cal.Rptr.2d 683], the appellate court held that the statute of limitations for breach of a real estate broker's duty to disclose defects in a house under Civil Code section 2079 was two years. In dicta, the court said this statute "prevails over the general statute of limitations of three years for fraud and negligent misrepresentation causes of action of Code of Civil Procedure section 338, subdivision (d)." (36 Cal.App.4th at p. 273.[1]) The unsupported dicta in *Loken* does not establish a three-year statute of limitations for an action alleging a negligent misrepresentation.

Nor does similar dicta in other cases also involving different issues. (See *Bowden* v. *Robinson* (1977) 67 Cal.App.3d 705, 716 [136 Cal.Rptr. 871]; *Tijsseling* v. *General Acc. etc. Assur. Corp.* (1976) 55 Cal.App.3d 623, 627, fn. 1 [127 Cal.Rptr. 681].)

Negligent misrepresentation is born of the union of negligence and fraud. If negligence is the mother and misrepresentation the father, it more closely resembles its mother.

---

[1] *Code of Civil Procedure* section 338, subdivision (d) states that an action for fraud or mistake does not accrue until discovery of the facts constituting the fraud.

The judgment is affirmed. Costs to respondents.

Stone (S. J.), P. J., and Yegan, J., concurred.

A petition for a rehearing was denied November 8, 1996, and appellant's petition for review by the Supreme Court was denied January 22, 1997.