Filed 11/6/13  Coats v. Nelson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| MICHAEL R. COATS et al., | |
| Plaintiffs and Appellants, | G046753, G046758 |
| v. | (Super. Ct. No. 30-2010-00428773) |
| RONALD W. NELSON et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeals from a judgment of the Superior Court of Orange County, Linda S. Marks, Judge.  Affirmed.

Michael R. Coats, in pro. per., and Jeremy Coats, in pro. per., for Plaintiffs and Appellants.

Law Office of Michael J. Coppess and Michael J. Coppess for Defendants and Respondents.

\*          \*          \*

This is an appeal following judgment after the court sustained a demurrer and granted a motion for judgment on the pleadings by Ronald and Vicky Nelson (collectively the Nelsons) on a complaint filed by Michael Coats and Jeremy Coats (collectively the plaintiffs).[1] The complaint alleged claims against the Nelsons for quiet title, fraud, and other causes of action relating to a piece of real property owned by a trust. The Nelsons, joining with two institutional defendants, successfully demurred to all of the causes of action except for quiet title on the grounds that plaintiffs were not real parties in interest, but beneficiaries of the trust. The Nelsons then brought a motion for judgment on the pleadings on the same grounds, which the court granted. We agree with the Nelsons that the trial court properly sustained the demurrer and granted the motion for judgment on the pleadings, and therefore affirm.

I

FACTS

We repeat the statement of facts from a prior appeal in this case as to the two institutional defendants, JP Morgan Chase Bank, N.A. (Chase) and California Reconveyance Company. "We draw the facts primarily from the complaint. In 1998, Lillian Fossa created the LEC Trust (the trust) and was its manager. Jeremy and Michael Coats, her children, were both beneficiaries of the trust. Ronald Nelson was a 'former Trustee' and Vicky Nelson was a 'former Agent' of the trust.

"Fossa had owned a home in Buena Park (the property) since 1976. In 1998, she transferred the property into the trust. According to the complaint, in 2004, 'for the sole purpose of refinancing' the property, a trustee, Nancy Wright, transferred the property to Ronald and Vicky Nelson (the Nelsons). That transaction was completed, and they reconveyed a grant deed back to the trust.

---

[1] Where it is necessary to distinguish them, we refer to the parties by their first names due to their common surname. No disrespect is intended.

"In 2007, Fossa allegedly asked Ronald Nelson if the Nelsons would once again refinance the property. After some discussion, they agreed to do so. As compensation, Ronald Nelson wanted 'Trust documents' created for the Nelsons. Wright again transferred the property to the Nelsons. In May 2007, a new loan in the amount of $260,000 from GreenPoint Mortgage was initiated.[2]

"A dispute then arose between Fossa and the Nelsons over a $6000 loan the Nelsons had made to the trust in 2006. A number of attempts to resolve the matter followed, but according to the complaint, the Nelsons refused to reconvey the property to the trust. Issues with payments on the new loan began to arise immediately. In July, Ronald Nelson resigned as trustee. The complaint alleged he threatened to sell the house 'if his demands were not met.' Timely payments were purportedly made in August and September.

"At some point in the fall of 2007, Fossa learned that servicing of the loan was transferred from GreenPoint Mortgage to Washington Mutual. Ronald Nelson allegedly failed to communicate the change in lenders to Fossa or anyone connected with the trust. Litigation between the Nelsons and Fossa, on behalf of the trust, followed, which resulted in a dismissal of both complaint and cross-complaint.

"As a result of the litigation, the complaint alleged, Fossa became aware of the change in loan servicers and sought information from Washington Mutual regarding the delinquency. The trust was provided with a total delinquency amount, without a breakdown. She was told the Nelsons' authorization was required before the bank could send duplicate statements.

"In September 2008, Chase acquired the subject loan from the FDIC after Washington Mutual's failure. In 2009, California Reconveyance Company recorded a

---

2 According to the complaint, the Nelsons "should have transferred title" back to the trust on or about June 15, 2007.

3

notice of default on the loan. According to the complaint, defects in the chain of title exist between GreenPoint and Chase.

"In November 2010, Michael and Jeremy Coats filed their initial pleading in the instant case. The instant complaint, filed in April 2011, alleged causes of action for quiet title, fraud, fraud and negligent misrepresentation, civil conspiracy, accounting and declaratory relief. . . .

"In May 2011, defendants filed a demurrer, arguing both that defendants lacked standing to sue, and their causes of action failed to allege facts sufficient to state a cause of action. No opposition was filed, and the court sustained the demurrer. Judgment was subsequently entered for defendants." (*Coats v. JP Morgan Chase Bank, N.A., et al.* (Jan. 3, 2013, G045921) [nonpub. opn.].)

The Nelsons joined Chase's May 2011 demurrer, which addressed all causes of action except for quiet title. The Nelsons, acting in propria persona at that point, also filed a points and authorities as part of their notice of joinder which attempted to address the quiet title claim. Neither plaintiff filed an opposition to the demurrer. Joinder was granted and the demurrer was sustained as to all causes of action except the one for quiet title, with the court noting that no demurrer had been filed. The court ordered the Nelsons to answer the quiet title cause of action, which they did.

The Nelsons, now represented by counsel, filed a motion for judgment on the pleadings as to the first cause of action in August 2011. Plaintiffs filed a purported opposition which was signed by Fossa as "Agent, Attorney-in-Fact." The Nelsons objected and filed a request to strike due to Fossa's signature. Michael, whose address was Salinas Valley State Prison, signed identical opposition papers. Jeremy filed no opposition, and neither plaintiff appeared at the hearing.[3] At the hearing, the court

---

[3] The Nelsons request we take judicial notice of a new complaint against them by Tina Perez, filed while the motion for judgment on the pleadings was pending. This complaint is nearly identical to plaintiffs' complaint, and Perez's address is the same Buena Park

concluded that plaintiffs had not established standing as real parties in interest, and granted the motion. Judgment was subsequently entered on January 25, 2012.

In April 2012, plaintiffs filed two separate notices of appeal, with each plaintiff appealing separately. In January 2013, they filed separate, substantively identical briefs. In April 2013, we consolidated the appeals and the Nelsons filed a consolidated brief. Despite extensions of time, neither Michael nor Jeremy filed a reply brief.

II

DISCUSSION

*Standard of Review*

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. [Citation.] We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. [Citation.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052. "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained." (*Ibid.*)

property at issue here. While the Nelsons correctly note we are statutorily authorized to take judicial notice of court records (Evid. Code, §§ 452, subd. (d), 459), only relevant evidence is subject to judicial notice. (*Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063.) They fail to identify how Perez's complaint is relevant to a material issue. (*People ex. rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.) We therefore deny the request.

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citation.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review. [Citations.] All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law; judicially noticeable matters may be considered. [Citations.]" (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.)

*Lack of Standing*

The trial court concluded that plaintiffs, as beneficiaries, lacked standing to pursue this action on behalf of the trust. Code of Civil Procedure section 367 states, "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." Generally, the trustee is the real party in interest with standing to sue and defend on the trust's behalf. (*Wolf v. Mitchell, Silberberg & Knupp* (1999) 76 Cal.App.4th 1030, 1035-1036.) If someone other than the real party in interest files a lawsuit, the complaint is subject to a general demurrer. (Code Civ. Proc., § 430.10; *Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d 793, 796.)

The only exception relevant is that a trust's beneficiaries can bring an action against a trustee for breach of trust. (Prob. Code, § 16420, subd. (a); *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc*. (1998) 68 Cal.App.4th 445, 463.) The problem for plaintiffs is that the gravamen of this case is not a breach of trust, but a breach of an oral agreement between the Nelsons and Fossa to refinance a mortgage

of trust property. This is well outside the scope of the trust itself, and cannot, therefore, reasonably be called a "breach of trust." Therefore, as beneficiaries, plaintiffs lack standing to sue. The demurrer was properly sustained on this ground.

*Statute of Limitations*

In addition to the lack of standing, the Nelsons argue the applicable statutes of limitation bar any relief. They claim that plaintiffs' claims against them accrued, according to the verified complaint, on or about June 15, 2007, which is the date that the complaint alleges the Nelsons were supposed to reconvey the property back to the trust. The initial complaint in this matter was filed on November 30, 2010, some three years and four months later.

In a claim for quiet title, the underlying theory of relief determines which statute of limitations applies. (*Ankoanda v. Walker-Smith* (1996) 44 Cal.App.4th 610, 615.) Here, the Nelsons argue, and we agree, that the underlying theory is breach of an oral contract. The complaint alleged that the Nelsons had agreed to undertake the second refinance of the property "as they had in the past (with no monetary charge to the Trust and title being transferred back into the trust.)" Then, the complaint alleges, the Nelsons refused to reconvey the property back to the trust. The complaint does not allege that this particular arrangement was ever reduced to writing, and thus, it was an oral contract. The applicable statute of limitations for breach of an oral contract is two years (Code Civ. Proc., § 339, subd. (1).) A cause of action accrues, and the statute begins to run, when all of the elements of the cause of action have occurred. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 815.) Thus, a cause of action for breach of contract does not accrue before the time of breach, which, according to plaintiffs, was on or about June 15, 2007. Even if the date in the complaint was approximate, no reasonable version of the facts would extend accrual to November 2008. Thus, the quiet title action is time-barred.

7

The second cause of action is for fraud. The fraud alleged in the complaint was that defendants led Fossa "to believe that they had agreed to refinance the 'subject property' for the LEC Trust and to return title to the Trust after the refinance had become complete. Defendants had no intention of returning the 'subject property' back to the trust." The statute of limitations for fraud is three years, and the claim accrues when the aggrieved party discovers the facts constituting the fraud or mistake. (Code Civ. Proc., § 338, subd. (d).) If we deem this claim accrued on the latest possible date, that is October 2007, when Ronald Nelson stopped forwarding mortgage statements to Fossa. Logically, the accrual was considerably earlier, either during a July board meeting or when Ronald Nelson subsequently resigned. But in any event, the complaint was filed more than three years later, and is therefore barred by the statute of limitations.[4]

Plaintiffs' claim for negligent misrepresentation fares no better. It is pleaded here based on the same operative facts as the fraud claim, and is therefore governed by the same expired statute of limitations. (See *Ventura County Nat. Bank v. Macker* (1996) 49 Cal.App.4th 1528, 1530 [nature of right sued upon determines statute of limitations].) The same rule applies to conspiracy. (*Maheu v. CBS, Inc.* (1988) 201 Cal.App.3d 662, 673) The nature of the conspiracy is not precisely defined, but we agree with the Nelsons that fraud seems to be the closest fit, and therefore the same three-year statute of limitations applies.

While the Nelsons are named in the headings to the final two causes of action, accounting and declaratory relief, there are no facts alleged or actions requested by the court with respect to the Nelsons. Therefore, the complaint failed to state a cause

---

[4] Moreover, this cause of action utterly fails the requirement that fraud be pleaded with specificity. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.) "'This particularity requirement necessitates pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered."'" (*Ibid.*) Plaintiffs' allegations of fraud are entirely conclusory.

of action against them.  Further, plaintiffs cannot cure their statute of limitations problems by amending the complaint, and therefore, leave to amend was not required.

III

DISPOSITION

The court properly granted judgment for the Nelsons, and the judgment is accordingly affirmed.  The Nelsons are entitled to their costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

FYBEL, J.

IKOLA, J.

9