**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES KEPPLER; KIFUMI KEPPLER, | No. 19-15509 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-02232-MCE-DB |
| v. | |
| BANK OF NEW YORK MELLON, FKA Bank of New York; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 4, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Appellants James and Kifumi Keppler (the "Kepplers") appeal the district

court's dismissal of their action against The Bank of New York Mellon, et al. (the

"Bank"). We review the dismissal under Fed. R. Civ. P. 12(b)(6) de novo, *Metzler*

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008), and we affirm.

The Kepplers' complaint, which was filed in 2017 and amended twice, is based on the Bank's actions in connection with a 2006 deed of trust and an assignment of that document in 2010. The complaint generally alleges the deed of trust was *void ab initio* because Mortgage Electronic Registration Systems, Inc. was both a beneficiary under the security instrument and a nominee for the lender, and that the 2010 transfer to the CIT 2007-1 trust was invalid because it occurred after the closing date of the trust. The complaint alleged violations of the Fair Debt Collection Practice Act ("FDCPA"), the Truth in Lending Act ("TILA"), 12 U.S.C. § 2605, Cal. Bus. & Prof. Code § 17200, claims for negligent misrepresentation and intentional infliction of emotional distress, and sought remedies including declaratory relief and cancellation of instruments.[1]

The statutes of limitations for these claims range from one to four years.[2] The district court thus correctly concluded that all but one (discussed below) of the

---

[1] The district court alternatively dismissed the complaint for failing to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). We need not reach this issue because we affirm for the reasons discussed below.

[2] FDCPA and TILA have a one-year statute of limitations, 15 U.S.C. § 1692k(d), 15 U.S.C. § 1640(e); 12 U.S.C. § 2605 has a three-year statute of limitations, 12 U.S.C. § 2614; negligent misrepresentation has a two-year statute of limitations, *Ventura Cty. Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1530–32 (1996); and claims for cancellation of instruments and violation of Cal. Bus. & Prof. Code §

2

Kepplers' claims were precluded by the relevant statutes of limitations, as seven to eleven years had passed since the triggering events. The Kepplers do not attempt to challenge this conclusion on appeal except with respect to their claim for cancellation of instruments, in which they assert, without citation to any authority, that "[t]here is no statute of limitations for a void instrument." But the California Supreme Court has held that claims for cancellation of instruments are subject to the four-year statute of limitations contained in Section 343 of the California Code of Civil Procedure. *See Robertson*, 90 Cal. App. 4th at 1326 (citing *Moss v. Moss*, 20 Cal. 2d 640 (1942)).

The sole claim the district court found not time-barred was the Kepplers' claim for intentional infliction of emotional distress, which appears to stem from the Bank's more recent "demand Plaintiffs sign a new set of documents or deed of trust, more than a decade after the initial loan closing and years after any modification, that must be signed or risk losing their home." The district court concluded that even if this claim were timely, the complaint failed to allege the sort of outrageous and extreme conduct required for such an action. *See Christensen v. Super. Ct.*, 54 Cal.

---

17200 have four-year statutes of limitations, *Robertson v. Super. Ct.*, 90 Cal. App. 4th 1319, 1326 (2001); Cal. Bus. & Prof. Code § 17208. Claims for declaratory relief are subject to the same statutes of limitations as the underlying claims. *Bank of N.Y. Mellon v. Citibank*, 8 Cal. App. 5th 935, 943 (2017).

3d 868, 903 (1991).  The Kepplers again do not contest this holding on appeal and have waived any argument to the contrary.

Finally, the district court did not abuse its discretion by denying the Kepplers' request for a third opportunity to amend their complaint, as the Kepplers failed to assert any new facts that could save their claims.  *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (internal quotation marks omitted)).

**AFFIRMED.**