[Civ. No. 7107. First Appellate District, Division Two.—October 28, 1929.]

MARY V. KEELE, Respondent, v. EUGENE CLOUSER et al., Appellants.

Wm. A. Spill for Appellants.

Simpson & Simpson and Leon U. Everhart for Respondent.

NOURSE, J.—Plaintiff sued under section 3412 of the Civil Code to have a deed which had been recorded through inadvertence and mistake delivered to her and canceled. Plaintiff had judgment· and the defendants appeal upon typewritten transcripts.

The complaint alleged the execution of a written contract by plaintiff and defendants for the sale of certain real property which in express terms provided for the delivery of a deed and certificate of title when the terms of the contract were fully complied with by the defendants. It alleged that at the time of entering into said contract and as a part of the same transaction plaintiff executed a deed for the purpose of conveying to defendants a clear title to the property involved when the terms of the contract had been met, and that "by inadvertence and mistake, and without the knowledge or consent of this plaintiff, and without delivery thereof, said instrument . . . was placed on record . . . that said instrument was . . . and now is void and of no effect." A demurrer to the complaint was overruled and the defendants answered, denying the execution of the contract and alleging that the deed was duly and regularly recorded.

The code section under which the action was instituted reads: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

Appellants attack the judgment on the ground that the complaint fails to state a cause of action. The argument seems to be that the facts constituting the alleged "inadvertence and mistake" are not pleaded with sufficient particularity. The allegations that the deed was never delivered to appellants and that it had been recorded without knowledge or consent of respondent were sufficient. All that is required under section 3412 of the Civil Code, "either in pleading or proof is to show the facts constituting the invalidity of the instrument, whether they involve fraud, duress, accident, mistake." (*Hironymous* v. *Hiatt*, 52 Cal. App. 727, 731 [199 Pac. 850, 851].) But if there be any doubt as to the sufficiency of the complaint to state a cause of action under the strict wording of the code section, it nevertheless does plead facts entitling respondent to some relief in equity, and this is all that is necessary against a general demurrer. (*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186, 188 [190 Pac. 797].)

Appellants also argue that the evidence is insufficient to support the findings of fact. The trial court found, as alleged in the complaint, that "by inadvertence and mistake and without the knowledge or consent of the plaintiff and without a delivery thereof said instrument was filed for record . . . that said instrument was and now is void for lack of authorized delivery . . . (and that) there is reasonable apprehension that if left outstanding it may cause serious injury to the plaintiff against whom it is void."

Supporting this finding, the undisputed evidence is that before any papers were executed in the transaction the respondent agreed to sell the premises to the appellants at a fixed price of three thousand dollars on terms of five hundred dollars down and thirty-five dollars a month with interest. At the same time the respondent agreed to execute a deed "for the protection" of the appellants, to be delivered to them when the payments were completed.

A written contract covering these terms was then signed, the respondent executed a deed and delivered it to her agent with instructions to place it in a designated bank along with the contract for delivery according to the terms of the contract. The respondent soon after left for the east, and the agent, without her knowledge or consent, placed the deed of record. The appellants moved into the premises and continued to make the monthly payments to the bank for a period of about four and one-half years. They then became disturbed because undesirable residents were moving into the neighborhood and, discovering that the deed had been recorded, consulted an attorney, who advised them to repudiate their written contract and to make the claim that they had clear title to the premises under the deed. This they did while about eight hundred dollars was due under the contract. The appellants did not dispute any of this evidence, and both testified that they fully understood from the beginning of the transaction that the deed was not to be delivered until they had completed their payments. The evidence amply supports the finding that the recordation was made inadvertently.

We find no error in the record. Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.