[Civ. No. 12854. First Dist., Div. One. Sept. 7, 1945.]

DICHRAN ZAKAESSIAN, Appellant, v. MARTHA ZAKAESSIAN et al., Respondents.

Edmund J. Holl, Alan H. Critcher and M. Anderson Thomas for Appellant.

Samuel Vartan for Respondents.

WARD, J.—Plaintiff appeals from a judgment entered on an order sustaining the demurrer to plaintiff's second amended complaint without leave to amend.

The second amended complaint was divided into three causes of action: First, the plaintiff alleged that on or about December 15, 1921, May and H. D. Saville and Amber H. and W. J.

Chase conveyed a certain described piece of property, of which they were the owners, to Karkin Zakaessian for a consideration of $7,000, which was supplied solely by plaintiff, pursuant to an agreement between Karkin and plaintiff that title was to be taken in Karkin's name; that Karkin died intestate on January 22, 1941, and after due administration of his estate the property was distributed to the defendants in this action; that at no time had Karkin or the defendants in this action repudiated the trust in favor of plaintiff. Under the second cause of action the plaintiff alleged that on August 15, 1927, plaintiff was the owner of record of the property described in the first cause of action; that plaintiff is unable to read or write English and is able to understand only very little; that plaintiff believes he signed a deed which purported to convey the property to Karkin but that plaintiff did not understand the nature of this transaction and did not "intend to vest title" in Karkin and that no consideration was ever received for said deed; that said deed was recorded on August 15, 1927, but that plaintiff had no knowledge that record title to said property appeared to be in Karkin until the commencement of this action by the filing of the original complaint on October 26, 1943. The paragraphs relating to Karkin's death, succession of interest and nonrepudiation of the trust found in the first cause of action are incorporated by reference into the second cause of action. Under the third cause of action the plaintiff set forth a stock complaint to quiet title to the property described in the first and second causes of action with no allegations of specific facts. Wherefore plaintiff prayed that he be declared the equitable owner of the property by reason of the first cause of action; that under the second cause of action the deed recorded August 15, 1927, be declared null and void, having been executed by mistake; and that defendants be required to set forth their claims to the described piece of property and that such claims be declared invalid under the third cause of action. The original complaint, called a complaint to declare a trust, contained all the foregoing facts except the allegation relating to plaintiff's difficulties with the English language and lack of understanding and intent concerning the deed of August 15, 1927, included one further transaction between Karkin and plaintiff whereby Karkin conveyed the property to plaintiff on or about Septem-

ber 12, 1924, which deed was recorded September 16, 1924, and alleged that the property was improved property which produced income and sought an accounting in addition to a decree that plaintiff was the owner of the property.

The defendants demurred on the grounds that the complaint did not contain facts sufficient to constitute a cause of action and that the first and second causes of action were barred by sections 337(1), 336(2), 339(1) and 343 of the Code of Civil Procedure. The principal questions before the court on this appeal involve whether the alleged first and second causes of action state facts sufficient as against a general demurrer or the specific statutes of limitation pleaded. ■ In the first cause of action plaintiff sought to have a resulting trust declared upon the property on the basis of a conveyance in 1921, for which he paid the purchase price. In the original complaint he alleged that legal title vested in himself in 1924. Consequently, plaintiff has at one time alleged the creation of a resulting trust and the termination thereof by the merger in plaintiff of the legal and equitable titles. ■ Section 410, comment b of the Restatement of the Law, Trusts, states the rule as follows: "If a trustee of a resulting trust transfers the trust property to the beneficiary or at his direction, the resulting trust terminates." (3 Scott on Trusts, § 410; see, also, *Malinow* v. *Dorenbaum,* 51 Cal.App.2d 645, 652 [125 P.2d 554] (hearing denied by the Supreme Court).) This result is a necessary consequence of the vesting of both legal and equitable titles in the beneficiary, because there is no longer any purpose in keeping the trust relationship alive.
■ The plaintiff cannot cure this essential defect in his cause of action upon this theory, once it has been disclosed, by omission of mention of the 1924 deed in subsequent statements of the same cause of action without explanation. (*Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Williamson* v. *Joyce,* 137 Cal. 151, 153 [69 P. 980]; *Johnson* v. *Nolan,* 105 Cal.App. 293, 294 [288 P. 78].) Therefore the demurrer to the complaint insofar as it attacked the first cause of action was properly sustained.

■ The second cause of action seeks to set aside and cancel a deed which was issued by mistake. By the allegation that he did not intend to vest title in defendants' predecessor in interest, the plaintiff has alleged the nondelivery of the

deed and therefore he is seeking to cancel an instrument which is void. Section 3412 of the Civil Code permits an action to cancel an instrument which is void or voidable and the statement of the facts constituting a deed's invalidity constitutes a sufficient allegation of a cause of action thereunder. (*Hart* v. *Church,* 126 Cal. 471, 475 [58 P. 910, 59 P. 296, 77 Am.St.Rep. 195]; *Keele.* v. *Clouser,* 101 Cal.App. 500, 502 [281 P. 1073].) Therefore the plaintiff has stated a good cause of action unless it is barred by one of the statutes of limitation pleaded or is subject to some defense which can be raised by demurrer.

■ Ordinarily a suit to set aside and cancel a void instrument is governed by section 343 of the Code of Civil Procedure. (*Moss* v. *Moss,* 20 Cal.2d 640, 644 [128 P.2d 526, 141 A.L.R. 1422].) However when the gravamen of the cause of action stated involves fraud or a mistake, Code of Civil Procedure, section 338(4) is the statute of limitations applicable and the cause of action is not deemed to have accrued until the discovery of the facts constituting the mistake. (4 Cal.Jur. 806.) Here the plaintiff alleges that through ignorance of the English language he mistakenly issued a deed in August, 1927, the existence of which he did not discover until October 26, 1943, the date he brought suit. Clearly the basis of the action is a mistake and the three-year period after discovery (Code Civ. Proc., § 338(4)) applies. ■ This statute was not pleaded and therefore cannot be relied on in sustaining the demurrer.

■ However, it is a well-settled rule of law that the defense of laches can be raised by a general demurrer. (*Kleinclaus* v. *Dutard,* 147 Cal. 245, 250 [81 P. 516]; *Arnold* v. *Universal Oil Land Co.,* 45 Cal.App.2d 522, 530 [114 P.2d 408].) ■ It remains to be determined if the statement of facts constituting this cause of action shows such delay in the assertion of plaintiff's rights that the defense of laches can be said to exist as a matter of law. The most recent expression of the Supreme Court on the matter of laches is in *Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062]. At page 736 the court says: ''The policy of this state with respect to lapse of time is embodied in statutes applicable to both legal and equitable actions, and mere lapse of time, other than that prescribed by such statutes, does not bar relief. . . . The defense of stale claims is nothing

more than a particular application of the doctrine of laches and is based on estoppel. . . . Where, for example, an action is commenced many years *after its accrual,* the death of witnesses or destruction of evidence, presumed as well as actual, may prejudice the defendant and justify denial of relief because of staleness of the claim. . . . Even the authorities which refer to staleness of claims as a distinct concept recognize that lapse of time is of no consequence in the absence of a showing of any act by the defendant in denial of the plaintiff's rights which would have required affirmative action by the plaintiff.'' Although this statement was made in reference to a claimed distinction between laches and the defense of stale claims, the court held that a complaint for declaratory relief filed after 1940 based upon allegedly invalid corporation by-laws passed in 1864, stated a cause of action. The court stated that inasmuch as it did not affirmatively appear from the face of the complaint that any of plaintiffs' rights as members had been abridged in fact, any cause of action which the plaintiffs might have as a result of the by-laws had not yet accrued and consequently neither the statute of limitations could bar the action, nor could the defense of laches or stale claims be asserted. No prejudice to defendants other than mere lapse of time was shown on the face of the complaint and the cause of action had not yet accrued.

The only possible prejudice to the defendants which might give rise to an estoppel in the set of facts being considered now, which appears from the face of the complaint other than that present in mere lapse of time, is presented in the death of Karkin Zakaessian, the predecessor in interest of defendants and the other party to the misunderstood transaction. The earlier cases in California, where laches has been held to appear on the face of the complaint and wherein there is no discussion of the necessity that prejudice to the defendant appear on the face of the complaint, involve much greater periods of time than that here shown, generally more than half of a normal lifetime (*Garrity* v. *Miller,* 204 Cal. 454 [268 P. 622] (55 years); *Kleinclaus* v. *Dutard, supra* (35 years); *Lichtenberg* v. *Burdell,* 101 Cal.App. 20, 47 [281 P. 518] (25 years); *Lindley* v. *Hinch,* 57 Cal.App.2d 717, 720 [135 P.2d 421] (40 years) or a great increase in value in the property as shown on the face of the complaint (*Livermore* v. *Beal,* 18 Cal.App. 2d 535, 545 [64 P.2d 987]; *Arnold* v. *Universal Oil Land Co., supra,* 534) even though such increase in value is sometimes

not specifically mentioned in the opinion. Here there is a delay of 16 years without any increase in value being shown on the face of the complaint. The cases cited in the briefs relating to actions for rescission and restoration to the *status quo* have no application in their discussion of laches to an action such as the one before us because of the code section requiring promptness in such actions. If the defendants in their answer and proof show a great increase in value and improvements to the property, plus possession for the elapsed 16 years, the plaintiff's cause may be barred by laches, but it can not be said as a matter of law on the basis of the facts now before us that there is such prejudice to defendants shown on the face of this complaint as to permit the assertion of that defense by general demurrer. ▮ The death of a material witness is one factor in determining whether laches is present. (*Austin* v. *Hallmark Oil Co.*, 21 Cal.2d 718, 735 [134 P.2d 777]; *Newport* v. *Hatton*, 195 Cal. 132, 148 [231 P. 987].) ▮ For the foregoing reasons the demurrer to the complaint here under consideration should not have been sustained on the ground that laches appeared from the face of the complaint.

The only case which appears to be at variance with the views herein expressed is *Redpath* v. *Aagaard*, 217 Cal. 63 [16 P.2d 998], wherein the court states *inter alia* in the last paragraph of the decision (p. 67) that a demurrer was properly sustained to a complaint on the ground of laches wherein the only prejudice to defendants which appeared from the face of the complaint was a delay of 16 years. However, it should be noted that the statute of limitations was properly pleaded and was an alternative and the main ground for sustaining the demurrer. In the light of the more recent statements of the Supreme Court, this case should be taken to stand on the statute of limitations ground and not on the dicta concerning laches.

Upon the oral argument appellant was asked to present to the court what amendments he would make to the second amended complaint if he were given leave to amend. A proposed amendment was submitted to this court. In view of the conclusion reached herein it is not necessary to consider at this time the merits of the proposed amendments.

Counsel have argued the effect to be given the demurrer to the third cause of action containing the stock complaint to

728

quiet title. In view of the reversal necessitated by the conclusion that the second cause of action states sufficient facts it is unnecessary to decide this point. (See *Bates* v. *Daley's, Incorporated*, 5 Cal.App.2d 95, 104 [42 P.2d 706] and *Earl* v. *Lofquist*, 135 Cal.App. 373, 379-380 [27 P.2d 416].)

▉ Certain grounds of special demurrer to the first and second causes of action were also urged. However, in view of the conclusions reached herein, it is unnecessary to consider the merits of the grounds for special demurrer because it is well settled that it is an abuse of discretion to sustain such demurrers without leave to amend. (*Wennerholm* v. *Stanford Univ. Sch. of Med., supra*, 720; *Maguire* v. *Hibernia S. & L. Soc., supra*, 737.) It is not here decided that the complaint may not be subject to special demurrer, and the trial court may in its discretion require the clarification of any uncertainties or ambiguities.

The judgment is reversed and the cause is remanded to the trial court with directions to enter an order overruling the demurrer of the defendants to the complaint as a whole.

Peters, P. J., and Knight, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 5, 1945. Schauer, J., voted for a hearing.