Filed 3/22/21 Raeisi Group v. Velocity Commercial Capital CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RAEISI GROUP, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> VELOCITY COMMERCIAL CAPITAL, et al., <br><br> Defendants and Respondents. | B293744 <br><br> (Los Angeles County <br> Super. Ct. No. BC683117) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge. Reversed and remanded with directions.

Law Offices of Lee E. Burrows and Lee E. Burrows for Plaintiff and Appellant.

Songstad Randall Coffee & Humphrey, William D. Coffee, Attlesey Storm, John P. Ward, McGlinchey Stafford, Dhruv M. Sharma for Defendants and Respondents.

———————————

## INTRODUCTION

Raeisi Group, Inc. appeals from a judgment of dismissal entered after the trial court sustained without leave to amend demurrers to Raeisi's first amended complaint filed by defendants Velocity Commercial Capital, U.S. Bank National Association as trustee for Velocity Commercial Capital Loan Trust 2014-1, and Ocwen Loan Servicing.[1] Raeisi also appeals the trial court's order granting the court's motion for judgment on the pleadings and motion to strike the first amended complaint against defendants Assured Lender Services and Erik Hovsepian.

Raeisi argues its first amended complaint alleges sufficient facts to state causes of action for cancellation of instruments, quiet title, declaratory relief, and unjust enrichment. Raeisi also argues the trial court should not have granted its own motion for judgment on the pleadings and motion to strike the first amended complaint against Assured, which had not appeared in the action, and Hovsepian, who was in bankruptcy. We reverse the judgment and the order, and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY[2]

A.   *Raeisi, Hovsepian, and the Covina Property*

In August 2011 Elyas Raeisi-Nafchi formed Raeisi. Raeisi-Nafchi was Raeisi's president, sole director, and sole shareholder.

---

[1]   We refer to Velocity, U.S. Bank, and Ocwen together as the "lender defendants."

[2]   "In considering whether a demurrer should have been sustained, 'we accept as true the well-pleaded facts in the operative complaint.'" (*Beacon Residential Community Assn. v. Skidmore, Owings, & Merrill LLP* (2014) 59 Cal.4th 568, 571.)

2

Raeisi-Nafchi appointed Hovsepian as Raeisi's chief financial officer.

In August 2012 Hovsepian purchased a property in Covina, California on Raeisi's behalf. In October 2012 $750,000 was withdrawn from Raeisi's bank accounts to pay for the property. The purchase closed on or about October 12, 2012; title to the Covina property was recorded in Raeisi's name. Raeisi-Nafchi did not learn about the purchase of the property until November 2012.

In September 2013, without Raeisi's or Raeisi-Nafchi's knowledge or permission, Hovsepian transferred title to the property from Raeisi to himself. The September 24, 2013 grant deed by which Hovsepian transferred title to himself (the "2013 grant deed") states: "This is a transfer out of a corporation." The 2013 grant deed also states: "The grantor and grantee in this conveyance is [*sic*] comprised of the same party and continue[ ] to hold the same proportionate interest in the property R & T 11923(d)." Raeisi alleges that the grantor and grantee of the Covina property were not the same party because Hovsepian "was not and never was" a Raeisi owner or shareholder. Raeisi also alleges Revenue and Taxation Code section 11923 does not contain a subdivision (d). The 2013 grant deed was recorded on November 21, 2013.[3] Raeisi did not receive any benefit or consideration for the transfer of the Covina property from Raeisi to Hovsepian.

---

[3] Raeisi alleges that Hovsepian transferred title to the Covina property to himself in September 2013, by means of the 2013 grant deed, and in November 2013, when the 2013 grant deed was recorded. This apparent inconsistency is not material to the issues before us.

In April 2014, without Raeisi's or Raeisi-Nafchi's knowledge or permission, Hovsepian obtained a $656,250 loan from Velocity secured by the Covina property (the "2014 Velocity loan"). Although the 2013 grant deed "was clear" that the property had been transferred to a Raeisi corporate officer, Velocity did not verify before making the 2014 Velocity loan that Raeisi had approved the title transfer from Raeisi to Hovsepian. Without Raeisi's knowledge or approval, a deed of trust in Velocity's favor was recorded against the Covina property (the "2014 Velocity deed of trust"). Hovsepian used the 2014 Velocity loan proceeds for his personal benefit and that of third parties.

From a title search initiated by Raeisi-Nafchi, Raeisi discovered in September 2014 that Hovsepian had transferred the Covina property title to himself. At an unidentified time in 2014 or 2015, Raeisi-Nafchi learned about the loan Hovsepian had obtained against the property.[4] Raeisi-Nafchi demanded Hovsepian transfer title back to Raeisi and provide an accounting of the loan funds; Hovsepian refused. Raeisi terminated Hovsepian on November 3, 2015.

B.    *Raeisi Sues Hovsepian*

Shortly after terminating Hovsepian, Raeisi sued him in Los Angeles County Superior Court. Raeisi alleged causes of action for breach of fiduciary duty, fraud, conversion, and quiet title. The case culminated in a bench trial from June 19 through June 23, 2017. During the trial, Hovsepian agreed to return title

---

[4]    Raeisi alleges that, before obtaining the 2014 Velocity loan, Hovsepian obtained another loan secured by the Covina property. Raeisi's allegations regarding the earlier loan do not bear on the issues on appeal.

to the Covina property to Raeisi.  Hovsepian executed a grant deed for the property in Raeisi's favor on June 22, 2017 (the "2017 grant deed").  On June 23, 2017, the court issued a minute order finding in Raeisi's favor on the remaining trial issues, followed by a statement of decision and judgment in Raeisi's favor in September 2017.[5]

C.      *Velocity Moves To Foreclose on the Covina Property*

Unbeknownst to Raeisi, Hovsepian had stopped making payments on the 2014 Velocity loan in April 2017.  Raeisi also did not know that Hovsepian had received delinquency notices for the 2014 Velocity loan before Hovsepian signed the 2017 grant deed.

In July 2017 Velocity recorded and served a notice of default on the 2014 Velocity loan.  Velocity also recorded and served a substitution of trustee appointing Assured as trustee for the foreclosure and sale of the Covina property.

In August 2017 Raeisi demanded that Hovsepian comply with his Velocity loan obligations; Hovsepian did not.  Raeisi notified Velocity that it had prevailed in its lawsuit against Hovsepian, and asked Velocity to withdraw the notice of default or otherwise agree to a forbearance of the foreclosure process.  Velocity responded that it intended to foreclose on the Covina

---

[5]     The trial court found that Hovsepian and his spouse converted money from Raeisi's accounts, and that Hovsepian breached fiduciary duties and committed fraud in connection with the purchase, use, and title transfer of the Covina property.  The court ordered Hovsepian to pay Raeisi $298,735 in damages for breach of fiduciary duty, conversion, constructive fraud, intentional fraud, and fraud by concealment, and $150,000 in punitive damages.  The court ordered Hovsepian's spouse to pay Raeisi $36,500 in damages for conversion.

property, and that "Velocity wanted its money and was not willing to wait."

In October 2017 Assured, on Velocity's behalf and at its direction, recorded and served a notice of trustee's sale of the Covina property. The sale was scheduled for November 20, 2017.

## D. *The Trial Court Proceedings*

On November 13, 2017 Raeisi sued Velocity, U.S. Bank, Ocwen, Assured, and Hovsepian.[6] Raeisi's verified complaint alleged causes of action for cancellation of instruments, quiet title, declaratory relief, and unjust enrichment against the lender defendants and Assured. Raeisi sued Hovsepian for fraud and negligent misrepresentation.[7]

Raeisi alleges that it could not join the lender defendants in its prior case because Hovsepian did not sign the 2017 grant deed until after the trial in the earlier case had started. By that time, the court had required Raeisi to dismiss the Doe defendants in that case and would not have permitted Raeisi to add new parties. Raeisi also alleges that before Hovsepian executed the 2017 grant deed, Raeisi lacked standing to sue the lender defendants.

---

[6] Raeisi alleges that Velocity assigned the 2014 Velocity deed of trust to U.S. Bank in January 2015, and that Ocwen serviced the 2014 Velocity loan for Velocity and U.S. Bank.

[7] Raeisi also named as defendants "all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto, named as Does 1-50, and Does 51-70."

6

1. *The temporary restraining order and the preliminary injunction*

On January 30, 2018 Raeisi obtained a temporary restraining order enjoining the foreclosure sale of the Covina property. On February 21, 2018 the trial court[8] issued a preliminary injunction preventing the lender defendants from foreclosing on the Covina property pending the resolution of Raeisi's lawsuit. The court found that Raeisi had demonstrated a "reasonable" likelihood of success on the merits of its cancellation of instruments cause of action, and "has arguably raised triable issues as to whether Velocity . . . knew or should have known Hovsepian [had] defrauded [Raeisi]." The court also found Raeisi did not have an adequate legal remedy because real property was at issue, and that the balance of harms favored issuance of a preliminary injunction because a foreclosure would moot Raeisi's claims. The court required Raeisi to post a $236,500 bond as a condition for issuance of the preliminary injunction.

Raeisi filed for Chapter 11 bankruptcy protection on February 28, 2018, and did not post the injunction bond. Raeisi and the lender defendants stipulated to relief from the bankruptcy stay to allow this action to proceed to judgment.

2. *The demurrers to the complaint and the trial court's ruling*

Velocity and U.S. Bank filed demurrers to Raeisi's complaint, which the trial court[9] sustained with leave to amend. The court ruled that Velocity "holds no interest in the note or in

---

[8] Judge Amy D. Hogue.

[9] Judge Barbara A. Meiers.

7

the document which [Raeisi] seeks to cancel and has no ability to enforce any rights set forth therein." The court found that Raeisi "was not damaged" by the 2014 Velocity loan or the 2014 Velocity deed of trust because the Velocity loan proceeds "all went to [Raeisi] and were to its benefit, which means that [Raeisi] is now seeking to leave Hovsepian liable for the $600,000 remaining balance on the note given for the loan while keeping the benefits of those funds and stripping [Velocity] and its successor of any security by which it [*sic*] might hope to recoup what it paid out, now in 'plaintiff's pocket.'"

The trial court also ruled that equitable estoppel and laches barred Raeisi's causes of action against Velocity and U.S. Bank because Raeisi did not sue them in its prior lawsuit. The court further concluded that collateral estoppel barred Raeisi's causes of action because "another court has already adjudicated . . . that although Hovsepian did act improperly in connection with the Covina loan or loans in issue, [Raeisi] was not damaged thereby." The court stated that "[i]t is clear" the prior court did not award Raeisi damages "to compensate [Raeisi] for hundreds of thousands of dollars['] worth of 'wrongful loans' taken out by [Hovsepian]," and that therefore "the 'bank/lender defendants' in this case cannot be the subject of any finding or decision that would hold them [liable] for any damages or to eliminate the loans and [deeds of trust] in issue based upon any acts by Hovsepian as a co-joint tortfeasor when the prior court did not see fit to find any huge damage incurred by [Raeisi] in this regard . . . ."

The trial court found that Velocity and U.S. Bank "owed no duty" to investigate Hovsepian's conduct, and that Velocity "and any successor note holder or [trust deed] defendant was a mere

8

lender entitled to a bona fide 'purchaser without notice' status and the protections provided to it as a matter of law in the absence of any facts pled by plaintiff . . . that the defendants in this case actually knew or were 'on notice' of any Hovsepian defalcation."

The court ruled that an unspecified statute of limitations had "run on [Raeisi's] 'negligence' claims and/or causes of action," and that "a two-year statute of limitations ha[d] also run" on Raeisi's unjust enrichment cause of action. The court further ruled that Raeisi could not allege facts sufficient to state an unjust enrichment cause of action because "the defendants . . . hav[e] without dispute . . . provided substantial funds in return for . . . the security interests . . . [Velocity] was given."

The trial court granted Raeisi leave to amend "despite the court's view that it seems impossible, not only improbable, that [Raeisi] can amend to add any allegations supported by statute or case law which would save its Complaint."

       3.     *Raeisi's first amended complaint, the demurrers to the first amended complaint, and the trial court's ruling*

Raeisi filed a verified first amended complaint alleging the same causes of action against the lender defendants, Assured, and Hovsepian. Raeisi expressly disclaimed any negligence claims against the lender defendants and Assured.

Raeisi also added allegations that Velocity had a "continuing pattern and practice of making so-called liars loans" without performing due diligence, including making loans to borrowers "whose title to the property used to secure the loans was fraudulent and deficient." Raeisi alleged that Velocity "issued a 'liar's loan' to Hovsepian with the actual and/or constructive knowledge that Hovsepian was unqualified and had

9

acquired title to the Covina Property wrongfully and fraudulently, [and] thereby aided and abetted in Hovsepian's fraud upon [Raeisi]." Raeisi also alleged that because Velocity made its loan to Hovsepian with knowledge of Hovsepian's fraud, "Velocity was not and has never been, a bona fide encumbrancer" of the Covina property.

Velocity, U.S. Bank, and Ocwen filed demurrers to the first amended complaint. On September 1, 2018, the day before the hearing on the demurrers, Hovsepian filed for Chapter 13 bankruptcy protection. The following day, the trial court issued an order staying the case against Hovsepian because of his bankruptcy filing, and sustaining Velocity, U.S. Bank, and Ocwen's demurrers to the first amended complaint without leave to amend. The court sustained the demurrers "on all of the grounds, cases and arguments set forth in the Defendants' demurring and reply papers plus those points made by the court in its ruling of July 12, 2018" sustaining the lender defendants' demurrers to Raeisi's original complaint. The trial court entered a judgment of dismissal in favor of Velocity, U.S. Bank, and Ocwen on September 28, 2018.

4. *The trial court's motion for judgment on the pleadings and motion to strike*

In its order sustaining Velocity's and U.S. Bank's demurrers to Raeisi's original complaint, the trial court "set[ ] on its own motion" a hearing on "a Code of Civil Procedure . . . 438 Motion to Dismiss" the case as to the remaining defendants "for a failure to state a cause of Action [*sic*] under C.C.P. 438 on all of the same grounds as are set forth herein and in the demurring papers incorporated herein." The court scheduled the hearing on its motion for October 3, 2018.

10

Raeisi opposed the court's motion, arguing that its first amended complaint rendered the court's motion moot. The court subsequently issued another notice of its "own motions to strike and/or for a judgment on the pleadings" against "all remaining defendants" in the first amended complaint.[10] The court's notice stated its "tentative view and concern" that Raeisi's first amended complaint "is a sham pleading which is frivolous and . . . possibly, the sole purpose of the complaint . . . is to hinder and delay the defendants (other than defendant Hovsepian) from executing their very clear right to proceed with a foreclosure action" on the Covina property. The court also stated that because it had dismissed Raeisi's causes of action against the lender defendants, Raeisi could not maintain any cause of action against Assured, and the defendants were "free to proceed with their foreclosure action."

Raeisi opposed the court's motions. On November 9, 2018 the court granted its motions, having "concluded that the Plaintiff has failed to state a viable cause of action against anyone in this case." With respect to Hovsepian, the court ruled that "bankruptcy law does not prohibit the ordering of a dismissal or similar ruling with regard to a state court action against a Defendant during the pendency of that party's bankruptcy."

---

[10] The court also vacated "any preliminary injunction or other form of outstanding order or injunctive relief which would serve to impede or prevent the maintaining of a foreclosure action as to real property as to which the Plaintiff in this case holds title by any and all Defendants in this action."

5.  *Raeisi's appeals*

Raeisi filed timely appeals of the judgment of dismissal of its claims against Velocity, U.S. Bank, and Ocwen, and the order dismissing its claims against Assured and Hovsepian. This court consolidated the appeals.[11]

## DISCUSSION

A.  *The Lender Defendants' Demurrers to Raeisi's First Amended Complaint*

1.  *Applicable law and standard of review*

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. [Citation.] Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162; accord, *Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100 [trial court abuses its discretion by sustaining a demurrer without leave to amend where "'there is a reasonable possibility that the defect can be cured by amendment'"].) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324; accord, *Summers v. Colette* (2019) 34 Cal.App.5th 361, 367.)

---

[11]    The trial court also dismissed the first amended complaint against "all [other] remaining Defendants," including "all Doe Defendants." Raeisi also appeals the dismissal of these defendants.

We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20.) We are not required to accept the truth of legal conclusions pleaded in the complaint. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126; *Yhudai v. IMPAC Funding Corp.* (2016) 1 Cal.App.5th 1252, 1257.)

2. *The trial court erred in sustaining the lender defendants' demurrers to Raeisi's cancellation of instruments cause of action*

Civil Code section 3412 states that a written instrument may be cancelled if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alternation of one's position." (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1193-1194.)

Raeisi seeks to cancel the 2014 Velocity deed of trust, and the July 2017 notice of default and October 2017 notice of trustee's sale that rely on the 2014 Velocity deed of trust. Assuming, as we must, the truth of Raeisi's factual allegations, Raeisi alleges sufficient facts to state a cause of action to cancel those instruments.

Raeisi alleges the 2014 Velocity deed of trust is void or voidable because Velocity obtained it through Hovsepian's fraud and Velocity's business practice of knowingly making loans to borrowers with fraudulent or deficient title to the properties

13

securing the loans.  Raeisi alleges Velocity made the 2014 Velocity loan to Hovsepian with actual and/or constructive knowledge that Hovsepian was "unqualified" and had acquired title to the Covina property wrongfully and fraudulently.  Raeisi alleges that Velocity had actual and/or constructive knowledge of Hovsepian's deficient title because the 2013 grant deed states that the property had been transferred out of a corporation, but also inconsistently and falsely states that the grantor and grantee were the same party.  In addition, the 2013 grant deed allegedly contains a citation to a nonexistent subdivision of the Revenue and Taxation Code.  These allegations are sufficient support for the first element of a cancellation of instruments cause of action, i.e., that the 2014 Velocity deed of trust, and the July 2017 notice of default and October 2017 notice of trustee's sale that resulted from the 2014 Velocity deed of trust, are void or voidable due to fraud.

Raeisi also alleges sufficient facts supporting the second element of a cancellation of instruments cause of action.  Raeisi alleges that Hovsepian purchased the Covina property with $750,000 drawn from Raeisi's bank accounts, fraudulently transferred title to himself, obtained the 2014 Velocity loan by means of the improper title, and used the 2014 Velocity loan proceeds for his personal benefit and that of third parties.  Raeisi further alleges that, despite the fraud and Hovsepian's relinquishment of title, Velocity intends to foreclose on the property.  These allegations describe a reasonable apprehension of serious injury to Raeisi, "including pecuniary loss or the prejudicial alteration" of Raeisi's position with respect to the Covina property, sufficient to satisfy the second element of a cancellation of instruments cause of action.

14

3. *The trial court erred in sustaining the lender defendants' demurrers to Raeisi's quiet title cause of action*

"In an ordinary action to quiet title it is sufficient to allege in simple language that the plaintiff is the owner and in possession of the land and that the defendant claims an interest therein adverse to him." (*South Shore Land Co. v. Petersen* (1964) 226 Cal.App.2d 725, 740; accord, *Ephraim v. Metropolitan Trust Co.* (1946) 28 Cal.2d 824, 833-834 (*Ephraim*).) Where the complaint alleges counts to both quiet title and to cancel a deed, however, "if the count to quiet title depends upon the cancellation count, the complaint must stand or fall on the cancellation count." (*Leeper v. Beltrami* (1959) 53 Cal.2d 195, 214; accord, *Bank of New York Mellon v. Citibank, N.A.* (2017) 8 Cal.App.5th 935, 943 ["*Ephraim* held that where quiet title depends upon another claim, it must stand or fall on that claim"] (*Mellon*).)

Raeisi bases its quiet title cause of action on the same allegations as its cancellation of instruments cause of action. Raeisi alleges the 2014 Velocity deed of trust "is invalid or void ab initio based upon" Hovsepian's fraudulent conduct, Velocity's knowledge of the invalidity of Hovsepian's title to the Covina property, and Velocity's decision to make a "liar's loan" to Hovsepian. Because Raeisi's cancellation of instruments claim alleges sufficient facts to state a cause of action, Raeisi's quiet title claim also states a cause of action.

15

4.  *The trial court erred in sustaining the lender defendants' demurrers to Raeisi's declaratory relief cause of action*

To state a claim for declaratory relief under Code of Civil Procedure[12] section 1060, a plaintiff must allege "two essential elements: '(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party.'" (*Lee v. Silveira* (2016) 6 Cal.App.5th 527, 546.)  "Declaratory relief is available to '[a]ny person interested under a written instrument[,] . . . [or] who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . in cases of actual controversy relating to the legal rights and duties of the respective parties.'" (*Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 615 [quoting section 1060].)

Raeisi's declaratory relief cause of action rests on the same allegations of wrongdoing as Raeisi's cancellation of instruments and quiet title causes of action.  Raeisi alleges the existence of a controversy as to the parties' respective rights and interests in the Covina property.  Raeisi seeks judicial declarations that it owns the Covina property, that the lender defendants and Assured have no interest in the property, and that the 2014 Velocity deed of trust and any documents the lender defendants or Assured subsequently recorded against the property are void and unenforceable.  These allegations state a cause of action for declaratory relief.[13]

---

[12]    All further references are to the Code of Civil Procedure unless otherwise indicated.

16

5. *The trial court did not err in sustaining the lender defendants' demurrers to Raeisi's unjust enrichment cause of action without leave to amend*

California courts have reached different conclusions about whether unjust enrichment is a cause of action. (Compare *Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726-728 [affirming judgment for plaintiff on unjust enrichment cause of action] with *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 231 [unjust enrichment is not a cause of action, but rather a "general principle . . . synonymous with restitution"]; *Hill v. Roll Internat. Corp.* (2011) 195 Cal.App.4th 1295, 1307.) The Supreme Court has observed that a "common law claim for unjust enrichment . . . is essentially an action for restitution." (*Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, 320.) Many courts construe unjust enrichment causes of action as "quasi-contract claim[s] seeking restitution" (*Rutherford Holdings*, at p. 231) or as "a basis for obtaining restitution based on . . . imposition of a constructive trust." (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490.) "Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another. [Citation.] A person is enriched if he receives a benefit at another's expense." (*Ghirardo v. Antonioli* (1996) 14 Cal.4th 39, 51.)

---

[13] The trial court dismissed Raeisi's cancellation of instruments, quiet title, and declaratory relief causes of action against Assured and the Doe defendants for the same reasons it dismissed those causes of action against the lender defendants. We reverse the dismissal of those claims against Assured and the Doe defendants for the same reasons we reverse the dismissal of those claims against the lender defendants.

17

Raeisi's unjust enrichment cause of action does not allege sufficient facts to obtain restitution under any theory. Raeisi generally asserts the lender defendants have been "unjustly enriched by attaching" the Covina property, "caus[ing] them to receive benefits that they otherwise would not have achieved." Raeisi alleges it is "entitled to the disgorgement of all interest and/or amounts by which the Defendants have been unjustly enriched."

Raeisi does not identify any "benefits" or "interest and/or amounts" it contends the lender defendants have obtained and should restore to Raeisi. The paragraphs of the first amended complaint Raeisi identifies as allegedly providing a factual basis for restitution do not identify interests or amounts to be restored to Raeisi. Those paragraphs allege the factual basis on which Raeisi seeks to cancel the 2014 Velocity deed of trust, not to restore unjustly obtained "benefits" to Raeisi.[14]

"The plaintiff has the burden of proving that an amendment would cure the legal defect, and may [even] meet this burden [for the first time] on appeal." (*Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1132; accord, *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.) Raeisi does not propose on appeal any amendments that could provide a basis for

---

[14] Raeisi also alleges in its unjust enrichment claim that "it has suffered damage" as a result of the defendants' conduct, including an "inability to perfect enforcement of a judgment against an insolvent debtor, e.g., Erik Hovsepian, as well as costs of collection, costs of bringing additional actions to enforce and protect [Raeisi's] rights, and attorneys['] fees." These allegations do not describe a restitution theory.

18

restitution, and thus has not demonstrated that it could amend its complaint to cure the defect in its unjust enrichment claim. The trial court did not err in sustaining the lender defendants' demurrers to the unjust enrichment cause of action without leave to amend.[15]

---

[15] The trial court dismissed Raeisi's identical unjust enrichment claim against Assured and the Doe defendants on its own motion for judgment on the pleadings and motion to strike, finding the claim time-barred and insufficiently alleged. Sections 436 and 438 permit the trial court, on its own motion, to strike all or part of a pleading and to grant judgment on the pleadings, respectively. (§§ 436, 438, subds. (b)(2), (c)(3)(B)(ii).) We construe the court's order dismissing Raeisi's unjust enrichment claim to grant judgment on the pleadings. (*Pierson v. Sharp Memorial Hospital* (1989) 216 Cal.App.3d 340, 343 [construing order granting motion to strike that challenged claim on ground it did not state facts sufficient facts to constitute cause of action as granting judgment on the pleadings].)

Assured had not appeared and thus had not answered when the court granted its motion. Raeisi contends that section 438, subdivision (f), requires an answer to be filed before a motion for judgment on the pleadings may be made. Section 438, subdivision (f), refers to motions made by parties, not by the court. Even if section 438 requires an answer before a court's motion for judgment on the pleadings, any error with respect to the procedure here was harmless because, as discussed above, Raeisi does not allege sufficient facts to state an unjust enrichment cause of action and has not demonstrated that an amendment could cure the deficiency.

6. *None of the lender defendants' fact-intensive arguments provides a proper basis to sustain the demurrers to the cancellation of instruments, quiet title, and declaratory relief causes of action*

The lender defendants present an array of fact-intensive arguments they contend bar some or all of Raeisi's cancellation of instruments, quiet title, and declaratory relief causes of action. "A demurrer is 'simply not the appropriate procedure for determining the truth of disputed facts.'" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1058.) Furthermore, many of the lender defendants' arguments are unsupported by citations to the record, much less citations to record material properly considered on demurrer. None of the arguments supports dismissal of Raeisi's cancellation of instruments, quiet title, and declaratory relief claims at the pleadings stage.

The lender defendants first argue that Raeisi's allegations do not state a claim for cancellation of the 2014 Velocity deed of trust because Raeisi has not sought to invalidate the 2013 grant deed. The lender defendants contend Raeisi must successfully invalidate the 2013 grant deed to cancel the 2014 Velocity deed of trust. They assert that Raeisi cannot invalidate the 2013 grant deed, however, because Raeisi ratified that deed by accepting the 2017 grant deed.

The only legal support the lender defendants cite for this proposition, *Rakestraw v. Rodrigues* (1972) 8 Cal.3d 67, does not apply here. In *Rakestraw*, the plaintiff's former husband forged the plaintiff's signature on a promissory note and deed of trust. Despite learning of the forgeries shortly after the husband executed them, the plaintiff did not seek to invalidate the forged documents for three years, during which time she benefited from

20

loan proceeds obtained with the forged documents.  The Supreme Court held that the plaintiff had ratified the forgeries and thus could not recover damages from an auditor who had participated in the forgery scheme because "a principal may ratify the forgery of his signature by his agent."  (*Rakestraw*, at pp. 74-75.) *Rakestraw* does not support the lender defendants' contention that Raeisi's acceptance of the 2017 grant deed prevents Raeisi from ever invalidating the 2013 grant deed.

Moreover, even if ratification might ultimately apply, "[r]atification generally is an affirmative defense."  (*Reina v. Erassarret* (1949) 90 Cal.App.2d 418, 424.)  "'[A] demurrer based on an affirmative defense will be sustained only where the face of the complaint discloses that the action is necessarily barred by the defense.'"  (*Stella v. Asset Management Consultants, Inc.* (2017) 8 Cal.App.5th 181, 191.)  Raeisi's first amended complaint does not on its face demonstrate that the 2017 grant deed "necessarily" bars Raeisi from proving Velocity knew the 2013 grant deed was deficient when Velocity made the 2014 Velocity loan to Hovsepian, or that a ratification defense otherwise "necessarily" bars Raeisi's claims.[16]

---

[16] The lender defendants also argue Raeisi cannot state a cancellation of instruments cause of action because Raeisi obtained a judgment against Hovsepian "in excess of $600,000" and thus "has been made whole" with respect to the Covina property.  The source of this figure is unclear, as the judgment against Hovsepian in the prior case is for $448,735. Furthermore, the trial court did not apportion the damages to specific causes of action, and found that in addition to breaching fiduciary duties and committing fraud with respect to the Covina property, Hovsepian also improperly withdrew money from

The lender defendants' claim that either the two-year statute of limitations for negligence claims (§ 335.1) or the three-year statute of limitations for fraud claims (§ 338, subd. (d)) bars Raeisi's cancellation of instruments, quiet title, and declaratory relief causes of action lacks merit.[17] "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232.)

The lender defendants advance various factual arguments about information Raeisi allegedly should have learned sooner

---

Raeisi's accounts for other "unexplained and certainly unauthorized transactions."

[17]     The two-year statute of limitations for negligence claims in section 335.1 does not apply to Raeisi's cancellation of instruments, quiet title, or declaratory relief causes of action. "Ordinarily a suit to set aside and cancel a void instrument is governed by [the four-year statute of limitations in] section 343 of the Code of Civil Procedure. [Citation.] However when the gravamen of the cause of action stated involves fraud or a mistake, Code of Civil Procedure, section 338[, subd. (d)] is the statute of limitations applicable and the cause of action is not deemed to have accrued until the discovery of the facts constituting the mistake." (*Zakaessian v. Zakaessian* (1945) 70 Cal.App.2d 721, 725; see also *Mellon, supra,* 8 Cal.App.5th at p. 944 ["[T]he statute of limitations on a quiet title action is determined with reference to the underlying theory of relief."]; *id.* at p. 943 ["A claim for declaratory relief is subject to the same statute of limitations as the legal or equitable claim on which it is based."].)

and actions Raeisi allegedly should have taken earlier. They contend that because Raeisi could have discovered the facts underlying its claims sooner and could have pursued its claims earlier, the claims are time-barred. It is not enough, however, that some or all of Raeisi's causes of action "may be" barred. The face of Raeisi's first amended complaint must "clearly and affirmatively" show that Raeisi's causes of action are barred. It does not. The first amended complaint does not specifically allege when Raeisi learned about the 2014 Velocity loan and 2014 Velocity deed of trust. As a result, even if a three-year statute of limitations applies, Raeisi's causes of action cannot be dismissed on statute of limitations grounds on demurrer.

The lender defendants next argue that none of Raeisi's claims states a cause of action because the lender defendants are bona fide encumbrancers. The lender defendants assert that Velocity loaned Hovsepian $656,250 "in good faith, and without actual or constructive notice" of Raeisi's claim to the Covina property. Whatever the ultimate merit of these factual claims, they fall far outside the appropriate scope of a demurrer. (See *Mellon, supra*, 8 Cal.App.5th at p. 950 ["factual issues . . . may not be resolved on demurrer"].)

The lender defendants also argue that laches and estoppel bar Raeisi's causes of action because Raeisi did not sue them in Raeisi's prior lawsuit. They argue Raeisi's alleged delay was "neither reasonable nor excusable" and "obviously prejudice[s]" them. Laches and estoppel are generally factual questions inappropriate for resolution on demurrer. (*City of Oakland v. Public Employees' Retirement System* (2002) 95 Cal.App.4th 29, 52 ["Laches in almost all cases raises factual issues regarding the cause of an asserted delay and the prejudice, vel non,

23

therefrom."]; *Feduniak v. California Coastal Com.* (2007) 148 Cal.App.4th 1346, 1360 ["The existence of an estoppel is generally a factual question."].)  The lender defendants' disputed arguments that Raeisi waited too long to sue them, and that equitable estoppel should otherwise bar Raeisi's claims, cannot be settled on demurrer.[18]

B.    *The Trial Court Lacked Jurisdiction To Dismiss the First Amended Complaint against Hovsepian*

"A petition in bankruptcy creates an automatic stay of all judicial proceedings against the debtor.  (11 U.S.C. § 362(a).) Judicial proceedings in violation of the automatic stay are void." (*Sindler v. Brennan* (2003) 105 Cal.App.4th 1350, 1353-1354 (*Sindler*).)  "A judgment void on its face because rendered when the court lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant, is subject to collateral attack at any time." (*Id.* at p. 1354.)

In *Sindler*, the trial court dismissed the plaintiff's case against a defendant in bankruptcy, and denied the plaintiff's subsequent motion to set aside the dismissal.  The appellate

---

[18]    Velocity and Ocwen also argue that each should not have been sued.  Velocity claims it assigned the 2014 Velocity loan to Velocity Commercial Capital Loan Trust 2014-1, and thus cannot be liable to Raeisi.  Ocwen claims it did not receive any interest in the Covina property, and had no role with respect to the July 2017 Velocity notice of default and October 2017 notice of trustee's sale.  Raeisi alleges specific facts describing Velocity's and Ocwen's alleged roles in the loan and foreclosure events.  The parties' factual disputes about Velocity's and Ocwen's participation exceed the proper bounds of a demurrer.

court reversed, explaining that the automatic stay that attaches upon a defendant's bankruptcy filing precluded the trial court from dismissing the case. Because "the trial court had no power to dismiss the case, . . . the dismissal was void." (*Sindler*, *supra*, 105 Cal.App.4th at p. 1353.) "The court lacked jurisdiction to dismiss the case, and the dismissal must be set aside." (*Id*. at p. 1354.)

Hovsepian filed for bankruptcy protection on September 1, 2018. The trial court issued an order staying the case against Hovsepian the following day. On November 9, 2018, despite Hovsepian's bankruptcy and the stay, the trial court granted its own motion for judgment on the pleadings and motion to strike the first amended complaint against Hovsepian, and dismissed Raeisi's case against him. The trial court lacked jurisdiction to dismiss Raeisi's case against Hovsepian while Hovsepian was in bankruptcy. The dismissal must be set aside.

C.     *The Lender Defendants' Request for Judicial Notice*

In May 2020 the lender defendants filed a request for judicial notice of two documents they state were recorded against the Covina property.[19] Each document was recorded before the lender defendants filed their respondents' brief. The lender defendants do not address either document in their brief. Raeisi opposes the request for judicial notice.

The lender defendants state that one document demonstrates that in September 2019 Raeisi conveyed title to the Covina property to Raeisi-Nafchi. The lender defendants argue

---

[19]     No declaration accompanies the request for judicial notice.

Raeisi thus can no longer maintain its causes of action against them.

The lender defendants state that the other document shows that in March 2020 the 2014 Velocity deed of trust was reconveyed. The lender defendants do not state, and the document does not purport to show, to whom the deed of trust was reconveyed. The lender defendants argue that the document demonstrates that the 2014 Velocity deed of trust "has been eliminated from record title" and that Raeisi's causes of action therefore are moot.

"Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.'" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) Moreover, while courts may take judicial notice of public records, "they do not take notice of the truth of the matters stated therein." (*Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375.)

These documents may or may not raise issues regarding Raeisi's standing and its efforts to cancel the 2014 Velocity deed of trust. We cannot resolve these factual questions initially on appeal, much less on an appeal from rulings the trial court issued based on the pleadings. The effect, if any, these documents may have on the case are properly addressed in the first instance in the trial court. The lender defendants' request for judicial notice is denied.

## DISPOSITION

The judgment dismissing Raeisi's causes of action against the lender defendants for cancellation of instruments, quiet title, declaratory relief, and unjust enrichment is reversed. The trial court is directed to vacate its order sustaining the lender defendants' demurrers, and to enter a new order sustaining without leave to amend the lender defendants' demurrers to Raeisi's unjust enrichment cause of action and otherwise overruling the demurrers, and ordering the lender defendants to answer the first amended complaint.

The trial court's order granting its motion for judgment on the pleadings and motion to strike Raeisi's causes of action against Assured and the Doe defendants for cancellation of instruments, quiet title, declaratory relief, and unjust enrichment is reversed. The trial court is directed to vacate its order granting its motion for judgment on the pleadings and motion to strike against Assured and the Doe defendants, and to enter a new order granting its motion for judgment on the pleadings on Raeisi's unjust enrichment cause of action against Assured and the Doe defendants without leave to amend and otherwise denying the motion for judgment on the pleadings and motion to strike, and ordering Raeisi to serve Assured within 60 days of the trial court's order.

The trial court's order granting its motion for judgment on the pleadings and motion to strike the first amended complaint against Hovsepian is set aside as void.

Raeisi shall recover its costs on appeal.

MCCORMICK, J.*

We concur:

PERLUSS, P. J.

FEUER, J.

---

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.